WALTER S. BABCOCK

v. .

WILLIAM BLANCHARD et al.

1. SUBROGATION — *in favor of guarantor paying note.* Where a party guarantees the payment of a promissory note for the accommodation of another, and, on default of payment by his principal, pays the same to the holder, the law will imply a promise on the part of the principal to repay, and the guarantor will be subrogated to the rights of the holder, to whom he makes payment.

2. ASSIGNOR — *liability where maker of note is insolvent.* The assignor of a note is liable to the holder where the maker is insolvent when the note matures, when the declaration counts on such liability.

APPEAL from the Circuit Court of Cook County; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. M. F. HEENAN, for the appellant.

Messrs. HITCHCOCK & DUPEE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *assumpsit*, in the Cook circuit court, by William Blanchard, John J. Borland, and Horatio G. Billings, plaintiffs, and against Walter S. Babcock, defendant, as indorser and guarantor of the note of one Henry E. Pickett, and as guarantor of the note of A. C. Prout & Co. There was a plea of the general issue, and a special plea denying the execution of the guaranty, verified by affidavit. There was a trial by jury and a verdict for the plaintiffs. A motion for a new trial was overruled, and judgment rendered on the verdict; to reverse which the defendant appeals.

The facts of the case are briefly these: On October 11, 1873, the Merchants' National Bank of Chicago held appellant's note for $2,000, which had been made to appellees and by them indorsed to the bank. The note having matured, appellant went to the bank and proposed to the cashier to take it up by the payment of $1,000 in cash, and a note

made by Henry E. Pickett, payable to the order of appellees, at his office, in thirty days. The cashier assented to this arrangement if appellant would obtain the indorsement of appellees on the note of their guaranty. Appellant took the note and returned with it, the names of appellees being indorsed thereon, he himself having previously put his name on the note. The note not having been paid at maturity, appellees were obliged to pay it, which they did, and bring this action.

The principal question is, did appellant make this guaranty as alleged, and at the time alleged? On this point testimony was heard, and we are unable to say the jury decided against its weight.

The liability of appellant as guarantor being established, it needs no argument to show that appellees, having paid the note, were subrogated to all the rights of the bank as against appellant. They put their names on the note at the request and for the benefit and accommodation of appellant, and the law implies a promise on his part to repay.

But if there was only a simple assignment of this note by the indorsement of appellant, there is a count to put his liability on the ground of the insolvency of the maker, the proof of which is clear and uncontradicted.

The facts and the law are with appellees, and the judgment must be affirmed.

*Judgment affirmed.*