# W. W. STOVALL *et al.* v. VIRGINIA G. ADAIR *et al.*

(Filed Feb. 8, 1900.)

1. CONTRACT—*Suretyship—Separate Estate of Marrried Woman.* Under the laws of the state of Georgia a married woman cannot bind her separate estate by contract of suretyship, but such contract if made, is voidable and not absolutely void.

2. PROMISSORY NOTE—*Surety—Parol Evidence.* Parol evidence is competent to show that one whose name appears on a promissory note as a joint maker, signed such note only as a surety.

3. PRINCIPAL AND SURETY—*Rule—Exceptions.* One who appears to be a principal, whether by the terms of a written instrument, or otherwise, may show that he is, in fact, a surety except as against persons who have acted on the faith of his apparent character of principal.

4. SAME—*What Surety Must Prove.* When a surety sets up claims depending on that relation, and the fact of suretyship does not appear from the instrument signed by him, he must, in order to sustain such claims, prove that the creditor knew of the suretyship.

5. SAME—*Presumption—Burden of Proof.* Where the note remains with the original payee, he is presumed to know the relation the parties to the note sustain to each other, and where he denies such knowledge, the burden is on him to overcome such presumption by proof to the contrary.

6. SAME—*Evidence—Rule Applied.* The evidence in this case examined, and *held,* that the plaintiffs had no knowledge that Mrs. Adair signed the notes in suit as surety, and that they acted on the faith of the appearance of her name to the note as a joint maker and principal, and that as against them she is not permitted to avail herself of any rights as a surety.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*Criley & Baxter*, for plaintiffs in error.

*J. H. Warren*, for defendant in error.

Opinion of the court by

BURFORD, C. J.:  The plaintiffs in error brought suit in the district court of Canadian county against Virginia G. Adair and R. B. Adair, defendants in error, to recover judgment upon two promissory notes for the sum of $500 each, and interest, executed in the state of Georgia, on the 8th day of February, 1892, by the defendants in error, jointly and severally, and payable to W. W. Stovall & Bros. the plaintiffs in error.  The defendant, Virginia G. Adair, was a married woman at the time of executing the note, and was the sister-in-law of her co-defendant, R. B. Adair.   Mrs. Adair filed her separate answer, in which she alleged her coverture at the time of executing the note, and further alleged that she signed said notes as surety for her co-defendant, who was the principal thereon, and that no part of the consideration passed to or was received by her, and that said money was not borrowed for her, or for the betterment of her separate estate, and that she was not engaged in any trade or business for herself, and she asked that she be discharged from said obligation.

The reply was a general denial.

The case was tried to the court and judgment rendered for the defendant, Virginia G. Adair. The plaintiff appeals.

The contract is governed by the law of Georgia, and Mrs. Adair claims exemption under section 2488, Georgia

Code, 1895, which was introduced in evidence, and reads as follows:

"The wife is a *feme sole* as to her separate estate unless controlled by the settlement. Every restriction upon her power in it must be complied with; but while the wife may contract, she cannot bind her separate estate by any contract of suretyship; nor by any assumption of the debts of her husband, and any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts, shall be absolutely void."

It will be observed that this statute does not make her contracts of suretyship void, but is in the nature of an inhibition for her benefit and protection. She is expressly authorized to contract, and her contracts of suretyship are like the contracts generally of a *feme covert*, in the absence of statute, or of an infant, and are voidable only, and not absolutely void. (*Venable v. Lippold*, 29 S. E. 181; *Showman v. Lee*, 44 N. W., 1061; *Smith v. Dunning*, 61 N. Y. 249; *Insurance Co. v. Baker*, 71 Ind., 102.)

It is the contention of plaintiffs in error that, although Mrs. Adair was a married woman and but a surety on the notes in question, she cannot be discharged from liability to the payees, unless she proved that they knew that she was a surety and not a maker, inasmuch as she appears on the face of the note as a joint maker.

It is a very generally adopted rule that when the fact of suretyship is not apparent from the face of the note, notice thereof to the creditor must be proven to enable the surety to avail himself of any defenses the law may entitle him to as surety. And where one executes a note as a principal, although he is in fact a surety, and there

is nothing on the face of the note to show his true relation, he will be treated and held as a principal as to any holder who had no notice of the suretyship. (*Gillett v. Taylor*, 46 Pac. 1099; *Bank v. Jeffs*, 46 Pac. 247; *Culbertson v. Wilcox*, 39 Pac. 954; *Torbett v. Heath*, 53 Pac. 615; Tideman on Commercial Paper, sec. 422; Brandt on Suretyship, sec. 33.)

But if this was not a well established rule by the decision of the courts, our statute would be controlling on this particular question. Section 2941, Statutes of Oklahoma, 1893, provides:

"One who appears to be a principal, whether by the terms of a written instrument, or otherwise, may show that he is, in fact, a surety, except as against persons who have acted on the faith of his apparent character of principal."

It follows from this rule prescribed by our statute, that if one has signed a note as a principal, and some one has acted upon the faith that he is a principal, he cannot show the fact that he actually signed such instrument as a surety. And this rule is based upon sound business principles. It prevents fraud and deception, and compels the makers of notes to either disclose their true relation to the payee or holder, or on failure to do so, to take the consequences of their silence and discharge their obligation.

In the case under consideration, did the plaintiffs act upon the faith that Virginia G. Adair was a principal upon the notes in suit, and without knowledge that she was a surety?

In the case of *Ward v. Stout et al.* 32 Ill. 399, that eminent jurist, Mr. Justice Breese, speaking for the court, said:

"Where the note remains with the original payee, as in this case, he is presumed to know the relation the parties to the note sustain to each other, and accepts the note with that knowledge."

The supreme court of Maine, in the case of *Cummings v. Little*, 45 Me. 183, announced the same rule. This rule does not conflict with our statute, but simply shifts the burden of proof. In the case at bar, the notes are sued on by the original payees, and the presumption is that they knew that Mrs. Adair signed as surety, if she did so sign. This presumption may be overcome by proof to the contrary, and the burden was on plaintiffs after she had submitted proof tending to establish suretyship, to show that they acted upon the faith of her apparent relations as shown by the note with no knowledge of any different relations.

The evidence is in the record, and it appears that Mrs. Adair was visiting her brother-in-law, the joint maker on the note, at his home in the state of Georgia, at the time the notes were executed. The notes were given to the plaintiffs to obtain a loan to make payment on the purchase of a tract of land in Texas. R. B. Adair procured the money, procured Mrs. Adair to sign the note, and delivered the note to the payees. They never saw Mrs. Adair, and was not acquainted with her. She owned a large and valuable tract of land in Texas, adjoining the tract which R. B. Adair purchased with the proceeds of these notes. The payees testified that the notes were presented to them, signed by both joint makers, and they loaned the money to the joint makers, and did not make the loan to Mr. Adair. They further testify that they had no knowledge or reason to believe that Mrs. Adair was a surety on the notes. R. B. Adair, the other

joint maker, also testified that he procured the money at her solicitation, purchased the Texas land at her request, and in order to assist her and his brother, her husband, and that she was jointly benefited in the purchase and the loan.

We think there can be no question, under the proof in this case, but that Mrs. Adair appears to be a joint maker and principal on the notes; that the payees had no notice or knowledge that she was a surety, and acted upon the faith of her appearance as a principal, and that she cannot, as against them, be heard to say that she signed the note as a surety.

If it were an action between her and her co-defendant, a different rule would prevail. It follows that the court erred in rendering judgment for the defendants, and in overruling the motion for a new trial.

The judgment on the facts proven should have been for the plaintiffs for the amount of the notes and interest according to their tenor.

The judgment of the district court of Canadian county is reversed, and cause remanded with directions to render judgment for the plaintiffs for the amount of the notes and interest.

Cause reversed at costs of defendant in error.

All of the Justices concurring.