JOHN A. KECK, Plaintiff in Error, *vs.* FRANK H. BUSH-
WAY *et al.* Defendants in Error.

*Opinion filed December 22, 1909.*

1. TRIAL—*case should go to jury if evidence of defense is con-
flicting.* In an action on a promissory note brought by a guaran-
tor against the makers, the production of the note endorsed to the
plaintiff *prima facie* entitles him to a verdict; but if a defense is
made and the evidence thereof is conflicting, the court should not
direct a verdict but should submit the case to the jury.

2. BILLS AND NOTES—*when guarantor is entitled to recover.* If
the guarantor of a note pays or causes the same to be paid, and the
payee endorses the note and delivers it to the guarantor, the lat-
ter is not precluded from recovering from the makers even though
he caused the payment to be made with funds of a corporation of
which he was a stockholder and may be liable to account to the
corporation if he has misused its funds.

3. APPEALS AND ERRORS—*exception to an action on instructions
may be taken any time before final judgment.* If an exception to
the giving or refusal of instructions, including those directing a
verdict, is taken at any time before final judgment, the question
whether the court erred in that respect is preserved for review
though the record does not show that exception was taken when
the instructions were given or refused.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Macon county; the Hon. W. C. JOHNS, Judge,
presiding.

A. G. WEBBER, for plaintiff in error.

REDMON & HOGAN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error sued the defendants in error in
the circuit court of Macon county on their promissory note
for $5200, payable to the Citizens' National Bank of De-
catur and guaranteed by the plaintiff in error and R. C.
Washburn. The declaration alleged that the note being
past due, payment thereof was demanded of the plaintiff

in error, and that in consideration of his legal liability as guarantor he was required to, and did, pay the principal and interest to the payee, which thereupon assigned said note to the plaintiff in error. The defendants in error filed special pleas setting up an agreement, made upon a valuable consideration, whereby the plaintiff in error and R. C. Washburn and the Washburn & Wheeler Manufacturing Company assumed the payment of the note. On the trial the court directed a verdict for the defendants, upon which judgment was rendered against the plaintiff for costs. This judgment having been affirmed by the Appellate Court, plaintiff seeks by this writ of error to reverse the judgment of affirmance.

Various errors are assigned, but the only one argued is the giving of the instruction to find for the defendants. The question presented, therefore, is whether there is evidence in the record tending to sustain a verdict for the plaintiff.

The note was given for money borrowed to pay the purchase price of one-third of the capital stock of the Washburn & Wheeler Manufacturing Company, the remaining two-thirds of which belonged to the plaintiff in error and R. C. Washburn, who guaranteed the note. Before its maturity the defendants in error sold their stock to the plaintiff in error and Washburn, and they contend that the latter, as a part of the purchase price, assumed the payment of the note. The plaintiff in error denies this. The court, on a motion to direct a verdict, cannot weigh evidence. It can only look to see whether there is evidence tending to sustain a verdict in favor of the party against whom the motion is directed. The production of the note assigned to the plaintiff by endorsement made a case entitling him *prima facie* to a verdict. The only defense was that he had for a sufficient consideration agreed to pay the note. On this issue the evidence was conflicting and it should have been submitted to the jury.

When the note was taken up, $600 in cash were paid thereon from the funds of the Washburn & Wheeler Manufacturing Company, and the note of that corporation, endorsed by the plaintiff and Washburn, was given for the balance, $4600. The Appellate Court affirmed the judgment on the ground that, disregarding the conflicting evidence as to the agreement to assume payment of the note, the uncontradicted evidence showed that the note was paid, not by the plaintiff as guarantor, but by the Washburn & Wheeler Manufacturing Company or by the corporation and the plaintiff jointly, and therefore the plaintiff could not recover. The suit was on a promissory note. The plaintiff was not a maker of it or primarily liable thereon. When he paid or caused to be paid the amount thereof to the payee and procured an endorsement thereof to himself he became clothed with the legal title thereto and was entitled to payment thereof from the maker. It is immaterial that he caused payment to be made with the funds of a corporation of which he was a stockholder or by its note. He is liable to account to the corporation if he has misused its funds, but the payee, having received the amount due on the note and having endorsed it, transferred the legal title to its endorsee.

It is insisted by the defendants in error that the question as to whether or not the trial court erred in giving the peremptory instruction is not presented by the record, because the record does not show that any exception was taken to the ruling of the court at the time the instruction was given. The statute provides that exceptions to the giving or refusing of instructions may be taken at any time before the entry of final judgment in the case.

The judgments of the Appellate Court and of the circuit court are reversed and the cause is remanded to the circuit court. *Reversed and remanded.*