## HODGINS v. NORTHWESTERN FINANCE CO.

No. 4448.    Opinion Filed April 27, 1915.

148 Pac. 717.)

1.   BILLS AND NOTES—Accommodation Maker—Liability to Holder
     In Due Course—Minority of Principal.  An accommodation maker
     of a negotiable promissory note is liable to the "holder in due
     course," although the principal may be discharged on account of
     minority.

2.   BILLS AND NOTES—Defenses—Holder in Due Course.  The de-
     fenses that are available between the original parties to a ne-
     gotiable promissory note cannot be maintained to defeat recovery
     by the "holder in due course."

(Syllabus by Galbraith, C.)

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Action by the Northwestern Finance·Company against Eugene
E. Hodgins and another.  Judgment for plaintiff against defend-
ant P. J. Hodgins, and he brings error.  Affirmed.

*P. J. Hodgins,* and *E. G. Wilson,* for plaintiff in error.

GALBRAITH, C.   This action is based upon a promissory
note, reading:

"$50.00.              Oklahoma City, Okla., Jan. 18, 1910.
    "For value received we promise to pay to the order of James
J. Craig & Company, the fiscal agents of the Lincoln-Jefferson
University, the sum of fifty dollars ($50.00) in monthly install-
ments of ten dollars ($10.00) each, on the first day of each and
every month, beginning March 1, 1910, until paid, with interest
after maturity at the rate of 6% per annum, until paid, pay-
able at 115 Temple Court, Mpls. Minn.
                              "Eugene E. Hodgins.
                              "P. J. Hodgins."

Indorsed on the back thereof:

"Pay to the order of Northwestern Finance Company.
James J. Craig & Company,
"By James J. Craig."

The plaintiff alleged that it was the owner and holder of the note, and that it acquired the same prior to maturity and in due course. There was a trial to the court and a judgment rendered against P. J. Hodgins for the amount of the note and interest. From this judgment an appeal has been perfected to this court.

The defense set up was that the contract, in settlement of which the note had been executed, had been rescinded, and that it had been secured by fraud, and a failure of consideration, and the minority of Eugene E. Hodgins, and that P. J. Hodgins was a surety on the note, and it was contended that the release of E. E. Hodgins on account of his minority released the surety also.

The assignments of error are argued in the brief: (1) That the judgment of the court below is contrary to the law and the evidence; and (2) that the court erred in overruling the motion for a new trial. The evidence of the plaintiff that it acquired the note in suit prior to maturity and for value and in due course is not controverted. Under the law, the defenses attempted to be made by the plaintiff in error were not available to him. Upon the face of the note the plaintiff in error appeared to be a joint maker; and even if he signed the note, as he testified, as an accommodation to his brother, his contentions as a defense to the action could not be sustained.

Section 4079, Rev. L. 1910, reads:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a

holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

The statute (section 4102, Rev. Laws 1910) defines a holder in due course as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions:

"First. That it is complete and regular upon its face;

"Second. That he becomes the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; * * *

"Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The evidence on behalf of the defendant in error clearly brings it within the definition of a holder in due course, as prescribed in this statute.

The rights of a holder in due course are defined in section 4107, Rev. L. 1910, as follows:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

The contention of the plaintiff in error that he was merely a surety on the note is answered by the court in referring to a similar contention made in the case of *Stovall et al. v. Adair et al.,* 9 Okla. 620, at page 625, 60 Pac. 282, at page 283:

"We think there can be no question, under the proof, * * * that Mrs. Adair appears to be a joint maker and principal on the notes; that the payees had no notice or knowledge that she was a surety, and acted upon the faith of her appearance as a principal; and that she cannot, as against them, be heard to say that she signed the note as surety."

Form No. 4

The payee of the note might have known at the time the same was executed, that E. E. Hodgins was a minor, and might, for that reason, have insisted on P. J. Hodgins signing the note as he did. The latter cannot be heard to contend that he is released from liability on the note by the finding that the other joint maker is released on account of minority.

The finding of the trial court that E. E. Hodgins was a minor, and the judgment in his favor on that account, cannot release P. J. Hodgins from liability on said note in the hands of an innocent purchaser prior to maturity and in due course of business.

We recommend that the exceptions be overruled, and the judgment appealed from be affirmed.

By the Court: It is so ordered.