BANK OF FIRESTEEL, Respondent, v. BUCKMASTER, Appellant.

(233 N. W. 285.)

(File No. 6918.   Opinion filed December 5, 1930.)

*W. M. Potts,* of Mobridge, for Appellant.

*Morrison & Skaug,* of Mobridge, for Respondent.

MISER, C. On July 6, 1920, Henry W. Clark executed and delivered to Moreau River State Bank of Firesteel, respondent herein, his promissory note due November 1, 1920. On October 9, 1920, three months after delivery to it, respondent bank sold and delivered this note to First National Bank of Mobridge. At the time of transfer to the Mobridge Bank, Buckmaster, appellant herein, who was then the cashier of respondent bank, indorsed it thus: "Without Recourse. Moreau River State Bank of Firesteel, S. D., by V. R. Buckmaster. Payment Guaranteed and Protest waived. V. R. Buckmaster." Respondent bank received full value for the note from the Mobridge bank. On November 5, 1920, four days after maturity of the note, respondent bank repurchased it from the Mobridge bank, paying full value therefor. A few months thereafter appellant resigned as cashier, sold his stock in, and thereafter had no further connection with, respondent bank. On June 21, 1927, respondent bank sued appellant on the note, alleging that appellant indorsed the note on July 6, 1920, for the accommodation of Clark, and that the note was accepted by the bank and the money paid to Clark on the credit of appellant's indorsement. In his answer appellant denied those allegations, and alleged that, if he had indorsed said note, his indorsement had been placed thereon for the accommodation of respondent bank, and for the sole purpose of enabling respondent bank to rediscount it to the Mobridge bank.

At the trial, the court found that appellant indorsed the note, not for the accommodation of Clark on July 6, but for the accommodation of respondent bank on October 8 when respondent bank received from the Mobridge bank the full value of the note; that when, on November 5, 1920, respondent bank repurchased the note from the Mobridge bank for full value, the note was readmitted among the assets of respondent bank; that, although appellant was the the cashier of respondent bank, the guaranty on the back of said note was not canceled; and that when appellant later sold his stock

in the bank the note with its accompanying guaranty was a part of the assets of the bank. On these findings, the court concluded that appellant was indebted to respondent bank on that contract of guaranty and rendered judgment against appellant for the balance unpaid on the note.

Section 1733, R. C. 1919, is as follows: "An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

Respondent claims that under this section appellant was liable to respondent bank even though he received no consideration for his contract, because respondent became a holder for value by repurchase for value from the Mobridge bank. Respondent argues that, inasmuch as it indorsed the note "without recourse," it was under no obligation to pay the note or to repurchase it; that it stands in the same position as any other purchaser for value from the Mobridge bank, and can recover from appellant on his contract of guaranty.

Unquestionably, on the findings made, the Mobridge bank, had it retained the note and sued thereon, could have recovered from appellant. That was appellant's contract. Does it follow that, because respondent bank repurchased the note for value, it can recover from appellant?

Had the Mobridge bank recovered judgment against appellant, could appellant have compelled reimbursement from respondent bank? On this point the decision of the Iowa court in First National Bank v. Branagan, 198 Iowa, 453, 198 N. W. 659, 661, 36 A. L. R. 548, is pertinent. It is pecularily so, because in that case the notes were also indorsed "without recourse" and the defendants were also "guarantors." On this point the court says:

"It is further argued by the defendants that, if they be held liable upon their guaranty 'upon notes' indorsed to the plaintiff 'without recourse,' they as guarantors are wholly deprived of any recourse to their principal. If this argument were otherwise sound, it is predicated nevertheless upon a mistaken legal conception. Upon this record, these defendants were makers of accommodation paper

for the accommodation of the Emmetsburg Bank. The liability of the bank as accommodated party to the defendants as the accommodating party arose out of that relation and was wholly unaffected by its method of indorsing its paper whether with or 'without recourse.' The general rule is that an accommodation maker having paid his obligation may recover from the accommodated party as on an implied contract or reimbursement. He is deemed to stand in the relation of surety to his principal. See authorities collated in 8 C. J. pp. 269-272.

"By the foregoing, we do not presume to say that the defendants have any right of action against the Emmetsburg Bank. Such question is not before us. Under the exigencies of the law, they may have waived that very right; but they have not lost it by reason of the mere fact that the Emmetsburg Bank indorsed its paper to the plaintiff 'without recourse.' "

This is the subject of an extended note in 36 A. L. R. At page 554 thereof it is stated: "It is a general rule that an accommodation party on a negotiable instrument who has paid the holder of the instrument may recover the amount paid from the party accommodated."

In the same annotation at page 561 of 36 A. L. R., discussing a guarantor as an accommodation party, there is the following:

"Where one becomes a party to a bill or note as guarantor for another the relation of principal and surety exists. Cummings v. Little (1858), 45 Me. 183.

"And an accommodation guarantor of a note who has paid the same to the holder may, on default of his principal, recover from the latter. Babcock v. Blanchard (1877) 86 Ill. 165; Keck v. Bushway (1909) 242 Ill. 441, 90 N. E. 196. And see the reported case (First Nat. Bank v. Branagan, ante, 548)."

To the same effect, see Brannan's Neg. Inst. Law (4th Ed.) page 292, citing First National Bank v. Branagan, supra. See, also, 3 R. C. L., § 336, "Bills and Notes," p. 1120, and First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

■ ■ "One who indorses commercial paper for the accommodation of another is not liable on it to him, whatever their apparent relation upon the paper may be. The contract and liability of an accommodation party are, in general, those of a surety for the party accommodated." 3 R. C. L. 1120, citing Whitwell v. Cre-

hore, 8 La. 540, 28 Am. Dec. 141; 31 Am. St. Rep. 745 note; 5 L. R. A. 698 note.

So that it is not necessary to decide whether respondent bank is or is not a holder for value within the meaning of section 1733, R. C. 1919. If respondent bank is a holder for value and therefore appellant is liable to it on his contract of guaranty, and if appellant is an accommodation guarantor and therefore is entitled to reimbursement from respondent bank as the accommodated party, the result would be that one liability would be offset by the other under the facts of this case, respondent bank being a solvent, going concern, suing in its own behalf. Respondent bank would find itself at the identical point from which it started the litigation.

Why should respondent bank recover from appellant? It was respondent bank, not appellant, who, on October 9, 1920, received from the Mobridge bank the value of the Clark note. Assuming that the money so received earned interest until respondent bank repurchased the note for value twenty-seven days later, the bank neither gained nor lost by the transaction with appellant, nor did appellant gain or lose. But respondent bank says: "The bank examiner, in checking over the assets, must have taken into consideration the defendant's guaranty in estimating the value of same, and certainly the purchasers of defendant's stock did and had the right to take into consideration the absolute written guaranty which formed a part of this note. It seems to us that, in view, of this situation, the defendant should be absolutely estopped from asserting any lack of consideration for the contract of guaranty." In support of this contention, respondent quotes from Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 903, 906, which quotation is in part as follows: "Those who participate in a transaction the object of which is to give the assets of a bank a favorable appearance, for purposes of examination, but less favorable for purposes of liability or enforcement, are participating in a transaction which is fraudulent as to the public and as to the creditors, including depositors, in whose behalf regulation is primarily imposed." But this is not a suit on behalf of creditors nor by the purchaser of appellant's stock in respondent bank. In the later case of Anamoose Nat. Bank v. Dockter, 56 N. D. 33, 216 N. W. 206, 207, the North Dakota court says: "The case of Vallely v. Devaney, supra, was an action brought by a receiver of a bank on an accommodation

note, and this court held that the receiver who brought the action in behalf of the creditors of the bank could recover, for the reason that the note was a fraud against the creditors of the bank and the doctrine of estoppel was applied to the makers of the note, but the court was very careful to point out that, it was not deciding the liability of parties upon notes given to a bank for its accommodation where sued by the bank itself."

Respondents urge that, when the new stockholders purchased appellant's stock, they figured the price thereof from an estimate of the assets and naturally gave the note in question a value because of appellant's guaranty thereon which was part of the same. However that may be, there is neither testimony nor finding to that effect, nor is this a suit by such a purchaser of stock. The liability of a guarantor to such a purchaser and his defenses to such a claim of liability are questions not presented by this appeal because this suit is by the bank itself.

Because appellant is not liable under the facts found, the judgment is reversed, with direction to the trial court to enter judgment for appellant.

BROWN, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.