Bowers's Adm'x. *vs.* The State, use of Dryden.—June, 1826.

A debt or right of action, cannot be extinguished by the acceptance of an obligation or undertaking of equal dignity—it must be one of higher grade to produce that effect.

A *feme sole*, of the age of 16 years, passed her receipt to her guardian for the full amount of her personal estate, without having received it, but in consideration of her guardian's single bill, payable at a future day, for the amount of her personal estate—*Held,* that the guardian's bond was still liable, and that an action might be maintained upon it to recover the value of said estate.

APPEAL from *Kent* County Court. Debt upon the guardian bond of *William Bowers*, dated the 10th of May 1806, brought against the administratrix, (the appellant,) of one of the sureties in the bond. The condition of the bond was, that *Bowers*, "as guardian to *Ann Coburn*, shall faithfully account with the

orphans court of *Kent* county, as directed by law, for the management of the property and estate of the orphan under his care; and shall also deliver up the said property, agreeably to the order of the said court, or the directions of law; and shall in all respects perform the duty of guardian to the said *Ann Coburn* according to law." There were no pleadings in the cause, but a judgment was rendered, with the consent of the parties, *pro forma,* for the plaintiff, subject to the opinion of the court on the following case: The bond, upon which the action was brought, was executed, as it purports to have been. *Ann B. Coburn* was born in October 1798, and intermarried with *Samuel Dryden,* for whose use this action was brought, in the year 1820, and she died in November 1822. The amount of estate due from *William Bowers,* as guardian to *Ann B. Coburn,* on the 7th of August 1816, was $330 21. On the 7th of August 1816, the following single bill was executed: "I promise and oblige myself, my heirs, executors or administrators, to pay, or cause to be paid, unto *Ann B. Coburn,* the just and full sum of three hundred and thirty dollars and 21 cents, (it being the amount of her personal estate,) on or before the first day of October eighteen hundred and eighteen, with legal interest until paid. As witness my hand and seal this seventh day of August one thousand eight hundred and sixteen.

*Wm. Bowers,* (L. S.)

Test. *Mary Ann Bowers."*

This single bill was executed and delivered to, and received by, *Ann B. Coburn,* in payment of the said amount due from *William Bowers,* as her guardian. On the 8th of August 1816, *Ann B. Coburn* executed the following receipt: "Received of *William Bowers,* the full amount of my personal estate this eighth day of August 1816.

*Ann B. Coburn.*

Test. *James Ross."*

This receipt was delivered by *Ann B. Coburn* to *William Bowers,* in consideration only of the single bill received by her as aforesaid; and on the 25th of September 1816, she made the acknowledgment endorsed on it, and which was in the usual form, before a justice of the peace for *Kent* county; which re-

ceipt and acknowledgment, were recorded by the register of wills for *Kent* county on the 15th of February 1824, for the first time. From the *pro forma* judgment, the defendant appealed to this court.

The cause was argued at June term last before BUCHANAN, Ch. J. and MARTIN, STEPHEN, and ARCHER, J.

*W. H. Barroll,* for the Appellant, contended, 1. That a receipt or final discharge by a ward, after attaining full age, is proper in itself.

2. Such a receipt or discharge can only be impeached on the ground of positive fraud; and that it did not in its effect operate as a gratuity to the guardian, so as to bring it within the principle of those cases in which grants and gifts to a guardian are avoided on the ground of public utility.

3. The surety was only bound for the acts of *William Bowers* as guardian; and if a legal liability once existed, being without gain or profit to himself, his administratrix is entitled to avail herself of every legal advantage for her discharge from such liability.

4. The discharge of the principal is a discharge of the sureties.

5. The bond sued upon is distinguishable from a bond to an individual, conditioned for the payment of a specific sum of money.

6. If *Dryden,* for whose use the action was brought, ever had a cause of action against the sureties on the guardian bond, after his intermarriage with *Ann B. Coburn,* and after her death, he waived that right by accepting the single bill.

He referred to the acts of 1798, *ch.* 101, *sub ch.* 12, *s.* 1; 1809, *ch.* 168; and 1816, *ch.* 34. *Duke of Hamilton vs. Lord Mohun,* 1 *P. Wms.* 118. S. C. 1 *Salk.* 158. *Clayton vs. Kinaston,* 1 *Ld. Raym.* 419. S. C. 2 *Salk.* 573. *Kerby vs. Taylor,* 6 *Johns. Chan. Rep.* 242, 249. *King vs. Baldwin,* 2 *Johns. Chan. Rep.* 559, 560. *Skip vs. Huey, et al.* 3 *Atk.* 91. *Rees vs. Berrington,* 2 *Ves. jr.* 540. *People vs. Jansen,* 7 *Johns. Rep.* 332; and *Blake's* case, 6 *Coke,* 43.

*Chambers,* for the Appellee, contended, that under the circumstances of the case, the receipt given by *Ann B. Co-*

*burn,* did not discharge the liability of the obligors in the guardian's bond—1. Because the receipt was without consideration, and therefore inoperative. 2. Because, not being under seal it could not be considered as a release. He cited *Pannel's* case, 5 *Coke,* 117. *Cumber vs. Wane,* 1 *Stra.* 426. *Williamson vs. Andrew,* 4 *Harr. & M'Hen.* 482. *Fitch vs. Sutton,* 5 *East,* 230. *People vs. Jansen,* 7 *Johns. Rep.* 338. *Paine vs. Packard,* 13 *Johns. Rep.* 174. *Rathbone vs. Warren,* 10 *Johns. Rep.* 595. *Trent Navigation Company vs. Harley,* 10 *East,* 94; and also *Blake's* case, 6 *Coke,* 43.

*Curia adv. vult.*

Stephen, J. at this term delivered the opinion of the court. This action was instituted in the court below, upon a bond executed by *William Bowers,* as guardian to *Ann B. Coburn,* in which bond *John Bowers,* the defendant's intestate, united with him as surety. *Ann B. Coburn,* after she obtained the age of 16 years, passed her receipt to *William Bowers* for the full amount of her personal estate, without having received the same, but in consideration of a single bill, which was executed and delivered to her by her guardian, in which he bound himself to pay at a future day the sum of $330 21, it being, as the bill expresses it, the amount of her personal estate, with legal interest till paid. And the sole question for this court to decide is, whether, in consequence of this transaction between the ward, (after she had attained the age of 16 years, and became by the law of this state entitled to the possession of her estate,) and her guardian, all legal liability on the part of *John Bowers,* his surety in the bond, ceased and determined? It is a well established principle of law, that a debt or right of action cannot be extinguished by the acceptance of an obligation or undertaking of equal dignity; it must be one of higher grade in the estimation of the law to produce that effect. See *Williamson vs. Andrew,* 4 *Harr. & M'Hen.* 482, where this principle was settled by the court. That was an action of debt on a bond, and the defendant pleaded that he made a mortgage to secure the payment of the money, and the plaintiff accepted thereof in satisfaction; on demurrer, the court gave judgment for the plaintiff. In 3 *Bacon's Abridgment,* title *Extinguishment.*

107, the law is stated to be, that the accepting of a security of equal degree, is no extinguishment of the first debt; as where an obligee has a second bond given to him; for one deed cannot determine the duty upon another.

This is a well settled law in cases of contract made between parties having a general legal capacity to contract; but in the case before the court, it appears that *Ann B. Coburn* had not attained the age of twenty-one years, and consequently had not such general power of contracting; but with reference to her capacity to make such an agreement, she was still, in contemplation of the law, a minor.    This principle was solemnly established by this court in *Davis vs. Jacquin & Pomerat,* 5 *Harr. & Johns.* 100, where the court express their opinion in the following terms: "The object of the law, (meaning the act of 1798,) was to enable an infant female, at the age of sixteen, to receive from her guardian, and take into her possession, her real and personal estate.    So far the law conferred on her a new capacity; but this capacity does not destroy the state of legal minority, because it is consistent with it."    In this case it is moreover to be considered, that the security taken by *Ann B. Coburn,* was less beneficial to her than the one she before had; because, not only was the time of payment extended, and a risk of eventual loss thereby incurred, but it was the single bill of her guardian alone, without the joint responsibility of a surety

JUDGMENT AFFIRMED.