## ANNIE E. FISHER *vs.* FREDERICK W. E. DIEHL.

*Pleading—Harmless Error—Action by Payee on Joint and Several Note Signed by Himself and Others—Evidence.*

The plea of "never indebted as alleged," although originally applicable only in an action of debt, is now by long usage in this State as well as under Code, Art. 75, sec. 23, a proper plea in an action of *assumpsit.*

Although a demurrer to a certain plea was improperly sustained, yet such error is not a sufficient ground for the reversal of the judgment when the defense made by that plea was fully made and tried under other pleas in the case.

A promissory note signed by three persons by which they *jointly and severally* promised to pay a sum of money to one of the three supports an action by the payee against one of the makers, and is admissible in evidence under the common counts as well as under a special count of the declaration describing the note as made by the defendant.

In such action the defendant is entited to show that he signed the note as surety for another maker and not as the principal debtor.

Appeal from the Circuit Court for Frederick County (MOT-TER, J.)

The cause was argued before McSHERRY, C. J., FOWLER BRISCOE, BOYD and SCHMUCKER, JJ.

*Samuel A. Lewis,* for the appellant.

*Baker Johnson,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal brings up for review the action of the Court below in sustaining demurrers to one of the appellant's pleas and in admitting in evidence a certain promissory note. The note in question is as follows.

$95.　　　　　　　　　　*Frederick, Md.,* Oct. 13th, 1900.

Two months after date we· jointly and severally promise to pay to the order of F. W. E. Diehl ninety-five dollars, for

value received. Negotiable and payable at the Citizens National Bank of Frederick, Md.

WILLIAM E. FISHER,
ANNIE E. FISHER,
F. W. E. DIEHL.

{ U. S. Revenue Stamp. }

The appellee as plaintiff below sued the appellant in *assumpsit.* The declaration contained the usual common counts and also two special counts the first charging the appellant as maker of the $95 note and the second charging her as purchaser of goods to the extent of $61.01.

The appellant demurred to the second special count and pleaded to all of the other counts "that she never promised as alleged" and "that she never was indebted as alleged." To the first special count she also filed a special plea averring that she signed the note along with the plaintiff as co-surety for her husband who had since died and that she was liable to the plaintiff only by way of contribution and to the extent of but one-half of the amount of the note. The Court sustained her demurrer to the second special count, but as the plaintiff did not appeal the action of the Court in that respect is not before us for review.

The appellee as plaintiff joined issue upon all of the pleas except that of *nil debet* to which he demurred and the Court sustained his demurrer.

The learned Judge below was in our opinion in error in sustaining the last-mentioned demurrer, because the plea of "never was indebted as alleged" which is the modern form of *nil debet*, although originally applicable only to an action of debt has become, by long usage, in this State an admissible form of denial in *assumpsit* also. The Act of 1856, ch. 112, which was passed to simplify the rules and forms of pleadings and practice in actions at law, contained among other things forms of declarations and pleas to be used in actions on contract. The plea "That he was never indebted as alleged" appears at the head of the list of pleas and it is followed by the words "(this plea is applicable to declarations numbered 1 to

12)." By reference to the forms of declaration on contracts appearing in the Act, numbers 1 to 12 are found to be the common counts in *assumpsit.* In sec. 23, of Art. 75 of the Code, " That he was never indebted as alleged or that he never promised as alleged " stands first among the forms of pleas declared to be sufficient in actions on simple contract thus indicating a purpose to treat the two forms of denial as equally appropriate for use in actions on simple contracts which in the great majority of cases are like the present one in *assumpsit.*

We do not think, however, that the error of the Court in sustaining this demurrer constitutes sufficient ground for a reversal of the judgment appealed from because the plea of *non assumpsit* remained in the case and the whole controversy between the parties came up for trial under the issue joined on that plea.

There was no error on the part of the Court below in admitting the promissory note, described in the declaration, in evidence. The note was somewhat unusual in form, in that the appellee who was payee upon its face also signed his name at its foot along with the other makers. Whatever might have been the rights as against him of a third party if the note had come to such an one *bona fide* and for value in the due course of trade, it is certain that the appellee could not sue himself upon it and that his promise to pay himself was a mere nugatory act. If the note had simply been a joint one there is authority for the proposition that the appellee could not have maintained an action on it against any of its makers. But the note being both joint and several it contained the individual promise of the appellant to the appellee to pay the amount of the note as well as the joint promise of all of the makers. Any doubts which may exist as to the validity of the latter do not impair the obligation of the former. *Amer. & Eng. Ency. of Law and Equity*, vol. 4, p. 121, 2nd ed., and cases there cited ; *Randolph on Commercial Paper*, sec. 153.

As the note constituted a valid obligation of the appellant it was admissible in evidence either under the special count of

the *narr.* describing it or under the common count for money had and received. *Beck* v. *Thompson*, 4 H. & J. 536; *Coursey* v. *Baker*, 7 H. & J. 32.

After the note had been put in evidence, as the suit was between the original parties thereto, she might have shown by testimony if she could that her true relation to the transaction which it represented was that of a surety and not a principal debtor, but this so far as the record discloses she failed to do.

As we find no reversible error in the rulings of the Court below the judgment appealed from will be affirmed.

*Judgment affirmed with costs.*

(Decided November 22nd, 1901.)