ISRAEL NESSON *vs.* JOSEPH MILLEN.

SAME *vs.* SAME.

Suffolk.　March 2, 3, 1910. — May 17, 1910.

Present : KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Bills and Notes. Contract,* Consideration. *Estoppel.*

In an action by the payee of a promissory note against an indorser of the note in blank before delivery the defendant may show that there was no consideration for his indorsement, and that, so far as the payee and himself are concerned, the note was an accommodation note.

In an action against the indorser before delivery of a promissory note secured by a mortgage on land, for the balance due on the note after the mortgage had been foreclosed under a power of sale and the proceeds of the sale had proved to be insufficient to pay the note in full, the defendant should be allowed to show that before the note was given the plaintiff agreed in writing to sell to the defendant the land on which the mortgage was foreclosed and agreed to convey the land

to him subject to a mortgage of $10,000, but that the plaintiff was unable to carry out this agreement because there was a mortgage on the land to a bank for $5,000 which he was unable to get discharged, that the plaintiff thereupon proposed that the defendant should take a deed, through a third person as a conduit, free and clear of all incumbrances and should cause a mortgage and a mortgage note indorsed by the defendant to be given to the plaintiff by the third person, so as to enable the plaintiff to raise money, the plaintiff agreeing to discharge the mortgage to the bank as soon as he could and not to look to the defendant for payment by reason of his indorsement on the mortgage note, the plaintiff representing to the defendant that the defendant's indorsement of the mortgage note would be for the plaintiff's accommodation, that the transaction thus proposed was carried out, and that the mortgage note sued upon was given by the third person acting as a conduit and was indorsed by the defendant pursuant to the arrangement stated, the defendant thus receiving no consideration for his indorsement and the plaintiff suffering no detriment.

In an action by the payee of a promissory note against an indorser of the note before delivery, where the defendant shows that his indorsement of the note was without consideration and for the accommodation of the plaintiff, if it appears that the defendant made certain payments of interest on the note which he was not bound to make, this does not estop or preclude him from setting up the want of consideration as a defense.

Two ACTIONS OF CONTRACT, each upon a mortgage note, dated September 23, 1902, payable to the plaintiff, or order, and indorsed by the defendant before delivery, the declarations alleging that each note was secured by a mortgage upon real estate, and that the real estate was sold under the power of sale in the mortgage for a sum less than the amount of the note. Writs dated respectively September 14 and 17, 1908.

The defendant's answer in each case was a general denial, with averments that he indorsed the notes in question for the plaintiff's accommodation and without consideration.

In the Superior Court the cases were tried together before *Hardy*, J. The plaintiff introduced in evidence the two notes, the maker being a third person through whom the title to the mortgaged real estate was passed as a conduit, also the two mortgages, which were duly foreclosed for breach of the conditions thereof, and two deeds to the purchaser for the two parcels of real estate under powers in the mortgages.

It also appeared in evidence that the defendant had made two payments of interest on each note, the first paying the interest to February 1, 1903, and the second paying the interest to August 1, 1904, and that these payments were indorsed on both notes.

The defendant admitted that he signed his name upon the backs of the notes before delivery.

After the plaintiff rested, the defendant made the offer of proof which is stated in the opinion.

The judge excluded the evidence offered, and ordered the jury to return a verdict for the plaintiff in each of the cases. The defendant alleged exceptions.

*D. Stoneman,* for the defendant.

*G. W. Reed,* for the plaintiff.

MORTON, J. Each of these two actions is upon a mortgage note payable to the plaintiff or order and indorsed by the defendant before delivery. The actions are against the defendant as indorser, and were tried together. The defendant offered to prove that he had entered into a written agreement with the plaintiff for the purchase of the property covered by the mortgages, and that the plaintiff was to convey it to him subject to a mortgage of $10,000; that the plaintiff was unable to carry out this agreement by reason of the fact that there was a bank mortgage of $5,000 which he was unable to get discharged; and that he thereupon proposed to the defendant that he (the defendant) should take a deed through a conduit, free and clear of all incumbrances, and cause mortgages on the lands conveyed and mortgage notes indorsed by the defendant to be given to the plaintiff by the conduit, so as to enable the plaintiff to raise money, the plaintiff undertaking to discharge the bank mortgage as soon as he could and not to look to the defendant for payment by reason of his indorsements on the mortgage notes, and representing to the defendant that the indorsements upon the mortgage notes would be for the plaintiff's accommodation. The defendant further offered to show that the transaction was carried out as thus proposed, and that the mortgage notes in suit were given by a conduit and indorsed by the defendant pursuant to the arrangement thus entered into.

The presiding judge excluded the evidence thus offered and directed the jury to return verdicts for the plaintiff. The defendant excepted. We think that the evidence should have been admitted.

It is manifest that if the written agreement had been carried out the defendant would have been under no personal liability on account of the mortgage subject to which the premises were

to be conveyed to him. He would have been the owner of the equity of redemption, and if the conditions of the mortgage were broken the mortgagee could have foreclosed the mortgage just as he did in the case of the mortgages given to secure the notes in suit. But the defendant would not have been personally liable, as it is contended that he now is, for the difference between the amount realized from the foreclosure sale and the sum which the mortgage was given to secure. And the question is, therefore, whether the evidence that was offered and excluded would have tended to show that there was no consideration for the defendant's indorsements. If it would, then it should have been admitted; otherwise not. We assume in the plaintiff's favor, though it nowhere distinctly appears, that the bank mortgage was discharged by him. But it does not appear that under the modified agreement the defendant received any greater interest in the property conveyed than he would have received under the written agreement, or that the indorsements were made by the defendant as part of the consideration of the purchase. Neither does it appear that the plaintiff suffered any detriment. He was already bound to convey the property to the defendant, and he represented that the indorsements would be for his accommodation and benefit, making no assertion, according to the defendant's offer of evidence, that the indorsements were a part of the consideration for the purchase. We do not see, therefore, how it can be said that there was any consideration for the defendant's indorsements. The fact that the defendant subsequently paid interest on the notes when not obliged to does not estop or prevent him from setting up the want of consideration in an action against him in which the plaintiff seeks to recover on the indorsements. It is settled that as between the payee and an indorser in blank before delivery the latter may show that there was no consideration for his indorsement, and that, so far as the payee and himself are concerned, the note was an accommodation note. *Corlies* v. *Howe,* 11 Gray, 125. *Case* v. *Spaulding,* 24 Conn. 578. *Hamburger* v. *Miller,* 48 Md. 317. *Chaddock* v. *Vanness,* 6 Vroom, 517.

We think that the rule thus established applies to the cases before us.

*Exceptions sustained.*