No. 21,687.

THE FIRST NATIONAL BANK OF GARDEN CITY, *Appellant*, v. E. S. STROUP, *Appellee.*

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Procured by Fraud—Defenses.*   Rulings in *Bank v. Stroup*, 100 Kan. 17 and 444, 164 Pac. 1054, followed and applied.

2. SAME—*Accommodation Note—Defenses.*   That the execution of a promissory note was procured by fraud and given for accommodation, may be set up as defenses against the party accommodated.

3. SAME—*Defenses Available to Maker—Oral Evidence.*   Evidence of the purpose for which the note was given, and that it was given for accommodation and without consideration, may be shown without trenching upon the rule that oral evidence cannot be used to vary or contradict the terms of a written contract.

4. SAME—Where the plaintiff was financing a construction company, and through misrepresentations procured the defendant to execute a note in favor of the company, which the plaintiff caused to be transferred to an innocent party, and of which the plaintiff subsequently obtained possession, and upon representations that the plaintiff was carrying the indebtedness for the company and desired a change in the form of the note, and through false representations procured the defendant to execute a note in the name of the plaintiff, and for accommodation, the defendant is entitled to defend against an action brought on the note by the plaintiff, although there might have been no defense to the original note in the hands of the third party.

5. SAME—The evidence in the case was sufficient to support the findings of the jury.

6. SAME—No error is found in challenged instructions given by the court.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed January 11, 1919.   Affirmed.

*Thomas L. Bond,* of Salina, *William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellant.

*Z. C. Millikin, J. V. Wilson,* and *J. H. Wilson,* all of Salina, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action to recover on a promissory note executed by the defendant in favor of the plaintiff bank, which the defendant alleged was procured by the fradulent representations of the plaintiff, was without consideration, and given merely as an accommodation to the plaintiff.

This is the third time the case has been brought up for our consideration. At the trial the jury returned a verdict for the defendant, and with it answers to special questions. The court set aside the verdict and gave judgment on the special findings in favor of the plaintiff. On the first appeal it was held that there was no inconsistency between the special findings and the general verdict, hence judgment was reversed with directions to enter judgment in favor of the defendant. (*Bank v. Stroup,* 100 Kan. 17, 164 Pac. 1054). On a petition for a rehearing the fact that a motion for a new trial had been filed and left undetermined was brought to the attention of the court, and accordingly the former judgment of this court was modified, and the case was remanded for consideration of the motion for a new trial, and for further proceedings. (*Bank v. Stroup,* 100 Kan. 444, 164 Pac. 1054, 1057.) Subsequently the motion for new trial was taken up and overruled by the trial court, and from a judgment for defendant the present appeal is taken.

Errors are assigned on rulings as to the admission of evidence, on instructions of the court, and as to the sufficiency of the evidence, but most of the contentions of the plaintiff were involved in, and decided by, the court in the former opinions. The issues in the case were fully set out in those opinions, and therefore it is not necessary to restate them here, nor are we warranted in the reconsideration of the questions that have already been determined.

It is first contended that a new trial should have been granted because of the admission of testimony as to the fraudulent

representations of Lynn, the cashier of the bank at the time
the original note was given to the construction company. It is
said that nothing testified to by Lynn is binding on either the
bank or the construction company, as it was not shown that the
bank had any interest in the transaction, nor that Lynn rep-
resented the construction company. There was testimony to
the effect that a close relationship existed between the bank
and the construction company. The bank appeared to be
financing the company, to the extent of carrying its indebted-
ness, and its officers acted for the construction company in
obtaining the note from the defendant. Fraud in procuring the
execution of the paper is a good defense. It was competent for
the defendant to show the circumstances and preliminary steps
in the transaction and the participation of the bank officers in
it, and also that the note was executed for accommodation. On
the first appeal it was decided that—

"If as a matter of fact the note given on October 15, 1909, was in-
tended as an extension of time on the note maturing on that day, was
procured by false statements concerning the construction company's
finances, etc., and the successive renewals were procured by repetitions
of those statements, the defendant was not liable." (*Bank v. Stroup,*
100 Kan. 17, 20.)

It is further contended that the oral testimony of the things
said and done by the officers of the bank for the purpose of
showing fraud, a lack of consideration for the note, and that it
was not to be enforced as an actual obligation, operated to vary
and contradict the note and should have been excluded. As
between the immediate parties, it was competent to show the
purpose for which the note was given, that it was executed
merely for accommodation, and was without consideration.
This testimony may be received without trenching on the rule
that oral evidence cannot be used to vary the terms of a written
contract. That a note was executed for accommodation may
always be set up as a defense against an action by the party
accommodated. (*Bank v. Stroup,* 100 Kan. 17, 164 Pac. 1054;
*Rice v. Rice,* 101 Kan. 20, 165 Pac. 799; 8 C. J. 259.)

The contention that the evidence was insufficient to uphold
the findings and verdict cannot be sustained.

The evidence supported the defense of fraud, as it tended to
show that the officers of the bank represented to the defendant

that the construction company had sufficient assets to meet its obligations; that the bank had bonds and reliable securities of the company in its possession sufficient to care for all its obligations; and that, therefore, the defendant would never be called upon to pay the original or any of the subsequent notes which he was induced to execute. The evidence tends to show that the statements were false; that the defendant signed the note in reliance upon the statements; and that their falsity was not discovered by the defendant until after the execution of the note on which this action was brought.

It is argued that if the Topeka bank was an innocent party, the surrender of that note was a sufficient consideration for the one given to the bank, and that defendant, to whom the original note was surrendered, had never restored or tendered it or its value. It is the theory of the defendant that, so far as plaintiff was concerned, the transaction was tainted with fraud throughout, not only when the original note was given, but also when the note and each of the renewals were executed by the defendant directly to the bank. The plaintiff represented that it was carrying the debt for the construction company, and that for the bank's convenience it desired the execution of the note to the bank as accommodation paper, and in that way help the bank to carry the indebtedness for the construction company. The testimony is open to the inference that the transfer of the paper to the Topeka bank and the renewal of it in the name of the bank was a part of the fraudulent transaction. If the note taken by the bank was in fact procured by fraud, the defendant was entitled to make that defense, even if the Topeka bank might have enforced it against the defendant. The fraud of the plaintiff with respect to the original note and the procurement of the execution of the renewals vitiated the transaction, and the plaintiff cannot avail itself of its own wrong in fraudulently inducing the defendant to change the form of the debt by executing a note to the bank itself. (*Schmidt v. Bank of Commerce*, 234 U. S. 64.) This phase of the case was given consideration on the former appeal. Instruction number three, given by the court, was to the effect that if the note given to the bank on October 15, 1909, was intended as an extension of the note payable to the construction company, and if the plaintiff made the false and fraudulent representa-

tions alleged, and fraudulently induced the execution of the note to the bank, and that if these false representations were also made to procure the execution of the renewal notes, the plaintiff could not recover. The instruction was expressly approved, and it was clearly stated that if the note given to the bank was executed to take up the original one, and was procured, by fraud, it was not enforceable against the defendant. (*Bank v. Stroup*, 100 Kan. 17, Id., 100 Kan. 444, 164 Pac. 1054.)

There is support for the defense that the note was for accommodation, and also that it was procured by fraud. It is true that most of the evidence in support of these defenses was given by the defendant, and that much of it was contradicted by witnesses of the plaintiff, but the findings and verdict show that the defendant's version of the transactions was accepted as true by the jury.

An attack is made upon the instructions given by the court, directed especially against the third instruction, to which reference has been made, and upon which this court placed its approval on the former appeal. There is no occasion to reopen, the discussion upon that holding. Most of the objections made to the other instructions are disposed of in the prior holdings of the court as to the defenses of fraud and accommodation without consideration, and in none of the objections do we find anything substantial. The instructions fairly applied the law to the issues and the evidence in the case.

The judgment is affirmed.