FIRST STATE BANK OF LUCCA, Respondent, v. FIRST NATIONAL BANK OF CASSELTON, Appellant.

(176 N. W. 4.)

**Bills and notes — accommodation note — note given for accommodation only cannot be collected by party accommodated.**

Defendant received from the plaintiff bank an accommodation note for $5,000 and interest, and subsequently deducted the amount of the note and interest, $5,208.63, from the account of the plaintiff. Hence, judgment against the defendant for the sum deducted is affirmed.

Opinion filed December 31, 1919.

Appeal from the judgment of the District Court of Cass County, Honorable *A. T. Cole,* Judge.

Affirmed.

*Lawrence & Murphy,* for appellant.

Where an officer of a bank, without authority to do so, borrowed money in the name of this bank and pledged certain of the bank's assets as security for the loan, and the borrowed money was received and used by the bank, and the transaction was such that the directors had, or ought to have had, knowledge of it, the corporation is estopped to deny the authority of its officer to make the contract in its behalf by which the money was procured. First Nat. Bank v. State Bank (N. D.) 109 N. W. 62.

*Engerud, Divet, Holt, & Frame,* for respondent.

Neither Carver nor any other officer of the bank possessed or could be given either express or implied authority to bind the bank on accommodation paper. 1 Morse, Bkg. 5th ed. §§ 65, 156, 158; 7 Cyc. p. 724, note 7.

An accommodation note cannot be enforced by the party accommodated against the accommodation maker, for the obvious reason that as between those parties it is without consideration. 7 Cyc. 725, b.

By a secret deal between Carver and Kittel the latter was enabled to conceal on the Casselton books what that credit was really given for.

It is obvious that the Lucca Bank could not be bound by these secret manipulations between Carver and Kittel even if Carver had assumed to act in the name of the Lucca Bank. Atlantic Mills v. Orchard Mills (Mass.) 17 N. E. 491; Emerado Elevator Co. v. Bank, 20 N. D. 270; Citizens Bank v. Iverson, 30 N. D. 497.

ROBINSON, J. This is an appeal from a judgment against defendant for $5,000 and interest,—the precise amount of an accommodation note made by the plaintiff, or its president, to R. C. Kittel, the president of the Casselton Bank. On the books of the Casselton Bank the note has been charged up against the account of the plaintiff.

As it appears, in March, 1915, L. C. Carver, cashier of the plaintiff bank, made to R. C. Kittel, president of the Casselton Bank, an accommodation note for $5,000, payable in six months, and the note was used by the Casselton Bank at the First National Bank of Duluth. When it became due Kittel obtained a renewal note which he sent to the Duluth Bank. The note is in evidence. It is dated September 1, 1915, and signed "First National Bank of Lucca, by L. C. Carver, President." Mr. Carver claims that when he made the note it was signed only by himself, and not by the Bank of Lucca; but if that is

true, the note was given so that it might be changed and used just as Kittel desired to use it. Carver made his signature on the second line of the blank promissory note so that it was easy to write over it the name of his bank. However, it is a matter of no consequence. The Casselton Bank took back the note from the Duluth Bank, and listed it as bills receivable, and charged it to the account of the Lucca Bank. That was on October 25, 1915. Then, on November 3, 1915, the Casselton Bank did charge to the Lucca Bank interest on the $5,000 note, $208.63. On October 30, 1915, the monthly statement of the Casselton Bank showed a credit to the Lucca Bank amounting to $18,357.-66,—and that was the correct amount. The books of the two banks agreed exactly. But, by the general ledger of the Casselton Bank, under date of October 30, 1915, the balance of the Lucca Bank was only $13,357.66. The $5,000 note had been charged on the ledger account, but not on the monthly statement. Then the interest, $208.63, was charged on November 3, 1915.

In November, 1915, Kittel was put out of the Casselton Bank. On December 1, 1915, the Casselton monthly statement was sent to the Lucca Bank, and it showed a deficit balance of $5,000, plus $208.63, making $5,208.63. Then a letter was sent to the Casselton Bank:

December 4, 1915.

Your statement of account does not agree with our books by $5,208.-63, and we call for this much more of a balance than shown by the statement. In your statement the $5,000 error is in starting the balance, as your statement for October shows the balance, $18,357.66. We have no record of the $208.63 charge of November 3d. We return statement for correction by giving credit for $5,208.63.

L. C. Carver,
President.

Manifestly there is no proof of any credit for the $5,000 note. It was given as an accommodation, and the note charged up to the Lucca Bank and deducted from its account, in the same manner as if the Casselton Bank had given full value for the note, whereas it gave no value for the $5,000 note. Of course on that point there is some dispute and contention, but the fact is entirely clear, and, as the case turns on a simple question of fact, there is nothing to be gained by protracting the discussion.

Judgment affirmed.