MARSH *v.* ARKANSAS NATIONAL BANK.

Opinion delivered January 10, 1921.

1. BILLS AND NOTES—ACCOMMODATION INDORSEMENT.—In an action by the holder of notes against indorsers thereon, in which the defense was that defendants indorsed the notes for the benefit of the payee, and not for the maker, that the payee had paid the notes at maturity and that plaintiff had acquired the notes after maturity, and held them subject to equities between the payee and the indorsers, evidence *held* to sustain a finding that the notes were indorsed for the payee's accommodation.

2. BILLS AND NOTES—TRANSFER AFTER MATURITY.—One acquiring notes after maturity takes them subject to equities between payee and indorsers, who had indorsed for the payee's accommodation.

Appeal from Garland Chancery Court; *J. P. Henderson*, Chancellor; affirmed.

*R. G. Davies* and *L. E. Sawyer*, for appellant.

The finding of the chancellor is contrary to the clear preponderance of the evidence. The only question is whether or not Jones and Joplin endorsed the notes for the accommodation of Moss & Co. or P. C. DeMoss. The evidence shows they did not. The burden of proof was on appellees, and they have failed. The weight of the testimony is clearly with appellant.

*Martin, Wootton & Martin* and *George P. Whittington*, for appellees.

The opinion of the chancellor is the best argument we can make, and shows conclusively that the proper decision was made in this case.

HUMPHREYS, J. On May 29, 1918, appellant, Ludie Marsh, instituted suit against appellees P. C. DeMoss, J. F. Joplin and R. A. Jones, in the Garland Circuit Court, on three notes of $100 each, dated August 3, 1914, and due, respectively, in thirty, sixty and ninety days after date; three notes of $100 each, dated November 2, 1914, and due, respectively, in thirty, sixty and ninety days after date; and one note for $1,470, dated November 2, 1914, and due ninety days after date. The Arkansas National Bank, also an appellee, was made a party defendant in the suit on the ground that it was the holder of the notes as collateral to secure an indebtedness of $3,000 which Ludie Marsh, the appellant, owed it, and that, although notified to do so, it had refused to institute suit upon the notes so held as collateral.

It is alleged in the complaint that P. C. DeMoss was the maker of the notes, T. T. Marsh & Company, the payee therein, J. F. Joplin and R. A. Jones indorsers thereon, and Ludie Marsh owner thereof by transfer,

indorsement and delivery of said notes to her by T. T. Marsh & Company for a valuable consideration.

The Arkansas National Bank filed answer, admitting that it held the notes as collateral to secure a note of $3,000 executed by appellant to it and prayed that, in the event appellant should recover upon the notes, the amount, or so much thereof as might be necessary, be paid to it upon the $3,000 note aforesaid.

P. C. DeMoss filed answer, pleading acquittance under a bankrupt adjudication of date the 28th day of February, 1915.

Appellees J. F. Joplin and R. A. Jones filed answer, interposing the defense that they had indorsed the notes for T. T. Marsh & Company, the payee therein, and not for the maker, P. C. DeMoss, and that when the notes became due, T. T. Marsh & Company paid the notes, thereby releasing them on their indorsement; that whatever interest Ludie Marsh and the bank acquired in the notes was subsequent to maturity and subject to any equities existing between T. T. Marsh & Company and appellees, J. F. Joplin and R. A. Jones.

The cause was transferred to the chancery court and submitted upon the pleadings, exhibits thereto and the depositions of the witnesses, which resulted in a decree on June 17, 1920, dismissing the complaint of appellant for the want of equity. From the decree of dismissal, an appeal has been prosecuted to this court, and the cause is before us for trial *de novo*.

The record is voluminous, and a summary of the evidence of each witness would extend an opinion to unusual length. We shall, therefore, only attempt a short statement of the case and record the result reached after very careful investigation and consideration of the case. T. T. Marsh transacted business in the name of several companies, among them, T. T. Marsh & Company. This company was incorporated. Appellant owned most of its capital stock. It was engaged in the feed business. P. C. DeMoss, the maker of the notes, was engaged in the dairy business, and R. A. Jones, with H. M. Steel,

indorsers on the notes, was engaged in the pasteurized milk business. DeMoss purchased feed from T. T. Marsh & Company on credit, and, in payment therefor, executed notes to it, which were discounted by the Arkansas National Bank and the proceeds credited to T. T. Marsh & Company, and these notes were renewed from time to time in the same form. P. C. DeMoss furnished Jones and Steel a large part of the output of his dairy for use in their pasteurized milk business. In addition to paying DeMoss cash for his milk, both R. M. Jones and H. M. Steel frequently indorsed his notes during their business relationship to enable DeMoss to continue the dairy business and furnish them milk. J. F. Joplin was a brother-in-law to Mrs. Files, with whom DeMoss had transacted a great deal of business, and he had indorsed DeMoss' note on several occasions at the request of Mrs. Files. The notes forming the basis of the suit were given to retire seven notes, ranging in amounts from $100 to $1,000, which had theretofore been executed by DeMoss to T. T. Marsh & Company and by it indorsed to said bank. Two of said notes had been indorsed by R. A. Jones, and four by J. F. Joplin. When the notes sued upon became due, they were paid by T. T. Marsh & Company, without request or demand on J. F. Joplin and R. A. Jones to pay any part thereof, and either returned to it or placed in an envelope and left in the bank. In fact, no demand was made by T. T. Marsh & Company on Jones and Joplin for payment at any time, nor was any demand made by Ludie Marsh on them for payment of the notes until the institution of this suit, on or about May 29, 1918. Subsequent to the maturity of the notes and payment of them by T. T. Marsh & Company, Ludie Marsh paid the existing indebtedness against T. T. Marsh & Company and took over its assets—among them, the notes sued upon. Appellant then borrowed $3,000 from the bank upon these notes and other collateral. R. A. Jones and J. F. Joplin testified that they were accommodation indorsers for T. T. Marsh & Company; that they indorsed the notes at the instance and request and

for the benefit of T. T. Marsh & Company, and not at the instance and request of P. C. DeMoss and for his benefit. T. T. Marsh and P. C. DeMoss testified that J. F. Joplin and R. A. Jones indorsed the notes at the instance and request and for the benefit of P. C. DeMoss.

Appellant insists that the finding of the chancellor, to the effect that R. A. Jones and J. F. Joplin indorsed the notes at the instance and for the benefit of T. T. Marsh & Company, was contrary to the weight of the evidence. The positive evidence, responsive to this issue, is in direct conflict. Two of them swear to one state of facts and circumstances, and two to another. We are unable to say that the other facts and circumstances in the case more strongly corroborate the evidence of appellant's witnesses than the evidence of appellees'. The outstanding fact that T. T. Marsh & Company paid the notes to the bank at maturity, without demanding or insisting upon payment by R. A. Jones and J. F. Joplin, then or afterward, is most convincing that they had indorsed the notes for the benefit of T. T. Marsh & Company, and not P. C. DeMoss. The fact that appellant, who was the principal stockholder of T. T. Marsh & Company and succeeded to its rights, made no demand on R. A. Jones and J. F. Joplin for the payment of the notes for about four years after maturity is alike convincing that Jones and Joplin were accommodation indorsers for T. T. Marsh & Company, and not for P. C. DeMoss. There are no circumstances in the record as convincing as the ones just mentioned corroborating the evidence of appellant's witnesses. The circumstances most strongly corroborating appellant's witnesses is that on other occasions both Jones and Joplin had indorsed notes for DeMoss in order to aid him in his business. This circumstance establishes a probability only, and does not lead to a definite conclusion. The probability is that, having indorsed for DeMoss on former occasions, they would have accommodated him in like manner again if requested to do so. After carefully weighing all the evidence, we are unable to say that the finding of the chan-

cellor, to the effect that Jones and Joplin were accommodation indorsers for T. T. Marsh & Company, was contrary to the preponderance of the testimony. Ludie Marsh and the Arkansas National Bank, having acquired the notes after maturity, took them subject to existing equities between T. T. Marsh & Company and Jones and Joplin.

The decree of the chancellor is therefore affirmed.