THE ANAMOOSE NATIONAL BANK, a Corporation, Respondent, v. JACOB J. DOCKTER, Michael Dockter, J. M. Dockter, et al., Appellants.

(216 N. W. 206.)

**Evidence — when parol evidence is admissible.**

1. Parol evidence is admissible to show whether a party is an accommodation party on a negotiable instrument, and also, to determine which party is accommodated.

**Bills and notes — question as to accommodation nature of paper is for jury.**

2. When there is a dispute in the evidence, the question of whether a negotiable instrument is for the accommodation of the payee or some other party is a question of fact for the jury.

**Bills and notes — deceiving bank examiner — no consideration — accommodation of bank.**

3. Notes made payable to a bank for the sole purpose of deceiving the bank examiner, are for the accommodation of the bank, without consideration, and the bank as a going concern cannot recover thereon.

Opinion filed November 4, 1927.

---

Annotation.—(1) On admissibility of parol evidence to vary or explain the contract implied from the regular indorsement of a bill or note, see annotation in 4 A.L.R. 764; 11 A.L.R. 637; 22 A.L.R. 527; 35 A.L.R. 1120; 3 R. C. L. 1138; 4 R. C. L. Supp. 237.

56 N. Dak.—3.

Bills and Notes, 8 C. J. § 398 p. 252 n. 52; § 1378 p. 1064 n. 80. Evidence, 22 C. J. § 1641 p. 1229 n. 82 New.

Appeal from the District Court, McHenry County, *Buttz,* J.

Reversed.

*Peter A. Winter,* for appellants.

There is a difference between an action brought by the receiver of a bank and where the action is brought by the bank itself, or where the action is brought between the immediate parties,—where the action is brought by the receiver on behalf of the depositors, the theory of estoppel would be invoked, not the law against proving consideration of a written instrument. First Nat. Bank v. Felt, 69 N. W. 1057.

"A party for whose accommodation a note is given cannot recover thereon against the maker." Bank v. Smith (Iowa) 203 N. W. 803.

Where one of two joint makers of a promissory note signs the same as an accommodation to the payee, and without consideration moving to him, the payee cannot recover thereon, although there was a consideration as to the other makers. National Citizens' Bank v. Bowen (Minn.) 124 N. W. 241, citing 36 Pac. 265; 1 L.R.A. 594; 40 N. W. 57.

"Where a note or other obligation is given to a bank with the avowed obligation of it appearing as assets for the purpose of public inspection, those who purport to be liable upon the obligation are estopped as against creditors who would prejudicially be effected by the truth to assert a secret understanding that they were not to be held liable." Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 906.

"If an acceptance is for the accommodation of the payee, the acceptor will not be liable to him." 8 C. J. 259.

"One giving a note to a bank for the purpose of enabling it to pass an examination is in case of subsequent failure of the bank estopped from asserting the defense of accommodation when sued by the receiver." Vallely v. Devancy, 49 N. D. 1107, 194 N. W. 903.

*Wooledge & Hanson,* for respondent.

"The promise of a bank officer to the signer of a note to the bank that such signer will not have to pay the note is not within the authority of the bank officer and is not binding on the bank unless specially authorized." Farmers Nat. Bank v. Ohman (Neb.) 199 N. W. 802.

"A note given to a bank for the interest of a defaulted note held by it, to enable it to pass the examination of the state bank examiner, is not for its accommodation within the rule that one for whose accommodation a note is given cannot enforce it." Skagit State Bank v. Moody (Wash.) L.R.A.1916A, 1215.

"One who signs a promissory note on the face thereof as an accommodation maker and who receives no personal consideration for the same is primarily liable to the payee on such note, and cannot plead as a complete defense and release the fact that the payee may have theretofore sued and compromised with a garnishee defendant." First Nat. Bank v. Meyer, 30 N. D. 389, 152 N. W. 657.

Accommodation paper represents and is a loan of credit to the party accommodated. It is not necessary that he should be a party to the paper. Rea v. McDonald (Minn.) 71 N. W. 11.

"Where defendant indorsed a note payable to a bank, on the cashier's assurance that he would not be held liable thereon, such assurance will not protect him from liability, as the cashier exceeded his authority as an agent of the bank in making it." Thompson v. McKee, 5 Dak. 172, 37 N. W. 367.

Burke, J. This is an action upon a promissory note.

The defendants in their answer admit the making of the note, but allege that the note was given for the accommodation of the plaintiff bank, and was without consideration. It was further alleged, that the president of the bank represented to the defendants, that the note of one Dockter was long past due, that the bank examiner had ordered it charged off the bank assets, or fixed up in some manner satisfactory to the bank examiner, and at the said time, promised and agreed with the defendants, that they would never be called upon to pay or settle for the note mentioned in plaintiff's complaint.

At the close of the testimony the plaintiff moved for a directed verdict against all of the defendants, and thereafter a motion for judgment notwithstanding the verdict was granted from which two of the defendants, viz., Michael Dockter and J. M. Dockter appeal.

The note in suit "exhibit 1" represents an indebtedness of Jacob Dockter due to the plaintiff bank. It is a renewal of a series of notes beginning in September 1913, as shown by plaintiff's exhibit two and

three. "Exhibit 4" is a renewal of "exhibits 2 and 3." "Exhibit 9" is a renewal of "exhibit 4." On October 31, 1916, Jacob Dockter's indebtedness to the bank was renewed and represented by two notes "exhibits 11 and 12" and in 1917, 11 and 12 were renewed by "exhibits 13 and 14." "Exhibits 16 and 17" are renewals of 13 and 15, "exhibit 8" is a renewal of "exhibit 16." "Exhibit 5" is a renewal of "exhibit 8." "Exhibit 1," the note in suit, is a renewal of "exhibit 6." When the notes were renewed the bank kept the old notes as collateral to the new notes.

It appears from the examination of the exhibits, that Michael Dockter signed only the one note, "exhibit 1," and he testified, that the president of the bank called him in and asked him to sign "exhibit 1," "so that it will look good to the examiners."

J. M. Dockter signed "exhibit 1" and "exhibit 5," and while his name appears on "exhibit 4" he denies that it is his signature. He testified that Mr. Schmidt told him to sign the notes, "exhibit 5" and "exhibit 1," he said, "we just want this for the bank when the bank examiner comes around so that it looks better for the bank." He said, "I just signed one in 1920, and one in 1922. Mr. Schmidt came to me and said, the bank is pretty hard up and he wanted me to sign, to renew the $2,100 note because the bank is pretty hard up, he said, just for the bank, just when the examiner comes around so that it looks better for the bank." Ques. "He said he wanted you to renew up the note you signed before?" Ans. "Yes." Ques. "And that is why you signed the new note was because you had to renew up the old note?" Ans. "Yes, for the bank." Ques. "And that was the reason you had to sign the old note?" Ans. "Just the same." Ques. "And you had only signed one note before?" Ans. "Yes the 1920 and the 1922 note." J. M. Dockter's name does not appear on "exhibit 6" the 1920 note, but it does appear on "exhibit 5," dated October 17, 1919. If he only signed two notes as he claims, then he signed "exhibit 5" and "exhibit 1," and he may be mistaken about the year, it being 1919, instead of 1920 that he signed one of the notes.

It is the contention of the appellant that the note in controversy was signed by the defendants solely as an accommodation to the bank, and not as an accommodation to their father, and that, that was a question

of fact for the jury. The court in submitting the case to the jury gave the following instruction:

"On the other hand gentlemen of the jury, if the situation is as contended by these defendants, that they signed the note simply to help the bank, that they were lending their credit to the bank, that they were accommodating the bank by signing the note, solely for the purpose of making that note good enough so that the bank could carry the note in its assets, and satisfy the bank examiner with reference to it, and they were not lending their credit to the elder Dockter, were not doing anything to assist him about this note, then the bank cannot recover."

From this instruction the defendant Michael Dockter having signed only "exhibit 1," if the jury believed his testimony, that he signed only for the accommodation of the bank, it was their duty to find in his favor, for while that was a renewal of the old notes, Michael Dockter had not signed any of the old notes, was obligated on none of them, and he did not sign a renewal of any past obligation of his.

So far as J. M. Dockter is concerned, he admits he signed "exhibit 1" and "5," and denies that he signed exhibit "4" being the renewal note of February 1915. He was required to give three different samples of his signature, and it was a question of fact for the jury to say whether or not he signed "exhibit 4." He testified that he signed "exhibit 5" and "exhibit 1" for the accommodation of the bank, the president of the bank telling him at the time that he only wanted him to sign the note so as to make it look good when the bank examiner came around. As far as J. M. Dockter is concerned, if the jury believed his testimony that he did not sign "exhibit 4," and that he signed "exhibit 1," and "exhibit 5" at the request of the bank for the purpose of making the note look good to the bank examiner then the jury would be justified under the instruction in finding for the defendant, J. M. Dockter, the notes which he signed to deceive the bank examiner not being a renewal of any of his obligations.

The trial court granted the motion for judgment, notwithstanding the verdict, upon the theory, that it was error to admit in evidence the statements of the defendants, that they signed the notes for the accommodation of the bank to make them look good to the bank examiner.

That the admission of such testimony was a violation of the rule, that parol evidence is not admissible to vary the terms of the written contract, and in support of this theory he relies upon First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 906; First Nat. Bank v. Davidson, 48 N. D. 944, 188 N. W. 194.

In the case of First State Bank v. Kelly, this court held, that evidence to the effect that the payee told the maker at the time of the execution of the note that he did not have to pay it, was not admissible, for the reason, that it did vary the terms of the written contract, but that is not the question involved in the case at bar. In the case at bar, the defendants do not seek to change the terms of the written contract. It is their contention that there was no contract, that the note was intended as a sham contract to deceive others, and that the parol evidence was offered to deny the existence of a contract and not to alter its terms.

The case of Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 906, was an action brought by a receiver of a bank on an accommodation note, and this court held, that the receiver who brought the action in behalf of the creditors of the bank could recover, for the reason, that the note was a fraud against the creditors of the bank and the doctrine of estoppel was applied to the makers of the note, but the court was very careful to point out that, it was not deciding the liability of parties upon notes given to a bank for its accommodation where sued by the bank itself.

In the case of First Nat. Bank v. Davidson, supra, one Phillips testified, that his employer wanted an accommodation note to put in the bank, to take care of an over-draft, as the bank was about to be examined. The writer of the opinion after stating the bank could recover on the note, further states, "the majority of this court, however, do agree that if the jury, upon a new trial should find that there was consideration for the note then the views of the writer above stated are proper. The majority are also of the opinion, though such is not the view of the writer, that, under the evidence in the case, the question as to whether the note was for the accommodation of the bank or of the publishing company is likewise a question of fact for the jury; and, in accordance with the views of the majority, if the jury should find that the note was given for the accommodation of the publishing com-

pany, it would then be immaterial whether any present consideration was given by the bank, as it would be a holder for value under the Negotiable Instruments Acts. Neal v. Wilson, 213 Mass. 336, 100 N. E. 544; Metzger v. Sigall, 83 Wash. 80, 145 Pac. 72."

It is clear from the foregoing statement that a majority of this court were of the opinion, that the question, as to whether the note in suit was for the accommodation of the bank or for the accommodation of the publishing company, was a question of fact for the jury, and if the note was for the accommodation of the bank it could not recover as a matter of law under the negotiable instrument act, and the decisions support the contention of the defendants.

Brannan's Negotiable Instruments Law, § 29, page 268, states the rule as follows:

"Parol evidence is admissible to show whether a party is an accommodation party and also to determine which party is accommodated. Columbia Nat. Bank v. Miller, 70 Ind. App. 187, 120 N. E. 711, s. c. § 28; First Nat. Bank v. Stroup, 104 Kan. 11, 177 Pac. 836; National Bank v. Laughlin, 305 Mo. 8, 264 S. W. 706; Central Nat. Bank v. Walterscheid, 204 Mo. App. 179, 222 S. W. 912; Haddock, B. & Co. v. Haddock, 192 N. Y. 499, 19 L.R.A.(N.S.) 136, 85 N. E. 682, s. c. §§ 64-2, 64-3, 68; Ryan v. Sullivan, 143 App. Div. 471, 128 N. Y. Supp. 632; March v. Arkansas Nat. Bank, 147 Ark. 53, 227 S. W. 30; Cox v. Heagy, — Mo. App. —, 184 S. W. 495."

In volume 5 Uniform Laws Annotated on page 171 and 172 the authorities are collected as follows:

Parol Evidence—Evidence showing that the note was for the accommodation of the plaintiff does not trench on the rule that oral evidence cannot be used to vary the terms of a written contract. First Nat. Bank v. Stroup (1919) 104 Kan. 11, 177 Pac. 836 (no reference to Uniform Act); First Nat. Bank v. Bickel (1911) 143 Ky. 754, 137 S. W. 790; Fisher v. Diehl (1901) 94 Md. 112, 50 Atl. 432 (no reference to Uniform Act); Nesson v. Millen (1910) 205 Mass. 515, 91 N. E. 995 (No reference to Uniform Act); Lamberson v. Love (1911) 165 Mich. 460, 130 N. W. 1126; Central Nat. Bank v. Walterscheid (1920) 204 Mo. App. 179, 222 S. W. 912 (no reference to Uniform Act); Peoples Nat. Bank v. Schepflin (1905) 73 N. J. L. 29, 62 Atl. 333; Ryan v. Sullivan (1911) 143 App. Div. 471, 128 N. Y. Supp.

632; Spencer & Co. v. Brown (1913) 143 N. Y. Supp. 994 (no reference to Uniform Act); First State Bank v. Kelly (1915) 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044.

It is clear that there was no error in admitting evidence to prove that the bank was the accommodated party in the case at bar.

The federal courts hold, that the receiver of an insolvent bank, stands in no better position, than the bank as a going concern, and cannot recover on paper made for the accommodation of the bank with intent to deceive the bank's examiner. Rankin v. City Nat. Bank, 208 U. S. 541, 52 L. ed. 610, 28 Sup. Ct. Rep. 346; Yates Center Nat. Bank v. Lauber (D. C.) 240 Fed. 237; Cutler v. Fry (D. C.) 240 Fed. 238; Yates Center Nat. Bank v. Schaede (D. C.) 240 Fed. 240, affirmed in 153 C. C. A. 167, 240 Fed. 241; Clay County Bank v. Keith, 85 Mo. App. 409.

Our court has not gone so far. A review of our decisions discloses that this court holds that a bank, as a going concern, cannot recover on paper made for the accommodation of the bank, unless, third parties have been prejudiced to their injury; that when a bank becomes insolvent while the paper is a part of the assets of the bank, the deceit practised upon the bank examiner may be the cause of the insolvency of the bank, and as the receiver represents the creditors of the bank, the makers of the accommodation paper are estopped to assert in defense as against the receiver, that the notes were given for the accommodation of the bank. Vallely v. Devaney, 49 N. D. 1107, 194 N. W. 906. This, however, is not an action by the receiver, but by the bank as a going concern. It is an action between the parties, and there is no way of determining whether there were creditors of the bank, or whether there were any creditors or third parties injured by reason of the deceit practised upon the bank examiner, and hence the bank cannot recover, for the reason, as between the parties there was no consideration. First Nat. Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044; First State Bank v. First Nat. Bank, 44 N. D. 86, 176 N. W. 4.

In Uniform Negotiable Instrument Law Annotated, vol. 5, § 29, pp. 170 and 171, the authorities in support, are collected and embrace the states of Alabama, Arkansas, California, Colorado, Connecticut, Iowa, Kansas, Massachusetts, Missouri, New Jersey, New York, North Dakota, Pennsylvania, Rhode Island, West Virginia, and there is a recent

Iowa case not cited, viz.: Smouse v. Waterloo Sav. Bank, 198 Iowa, 306, 199 N. W. 350, wherein it is held, "that notes made payable to the bank for the sole purpose of replacing 'excess loans' in bank in anticipation of immediate examination by bank examiners, held for accommodation of the bank and without consideration, and it could not recover thereon."

It follows, that in so far as the two defendants, Michael Dockter, and J. M. Dockter are concerned that the motion granting judgment notwithstanding the verdict was error, and the judgment of the lower court is reversed, and judgment for the defendants Michael Dockter and J. M. Dockter is ordered on the verdict of the jury.

BIRDZELL, Ch. J., and BURR, CHRISTIANSON, and NUESSLE, JJ., concur.