BENJAMIN F. STRAUS, Appellee, vs. THE CITIZENS' STATE BANK OF ELMHURST, Appellant.

*Opinion filed April 18, 1912.*

1. APPEALS AND ERRORS—*Supreme Court is bound by facts as found by Appellate Court's judgment.* A finding in the judgment of the Appellate Court that a certain note was executed by the maker without consideration and was executed by him and received by the holder upon an agreement that the maker should never be called upon to pay it, is a finding of an ultimate fact which the Supreme Court is bound to accept as true.

2. BILLS AND NOTES—*when a note is invalid in hands of payee.* A note executed without consideration and received by the payee upon an agreement that the maker should never be called upon to pay the same is invalid in the hands of the payee and cannot be enforced by him against the maker.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. MAZZINI SLUSSER, Judge, presiding.

R. S. EGAN, and S. L. RATHJE, for appellant.

BOWLES & BOWLES, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an action of assumpsit commenced by Benjamin F. Straus against the Citizens' State Bank of Elmhurst, in the circuit court of DuPage county. The defendant below filed the general issue, together with a plea of set-off, and also notice of set-off, but the case was finally tried upon a stipulation that any proper evidence might be introduced by either party, without reference to the form of the pleadings. A jury was waived and a judgment was rendered against the plaintiff below for the amount claimed as a set-off, less the amount of plaintiff's claim against the bank. The amount of the judgment against plaintiff below was

$2804.76. Upon an appeal by Straus to the Appellate Court for the Second District the judgment of the circuit court was reversed and a judgment was rendered in that court in favor of the plaintiff below for $1095. The case comes to this court upon a certificate of importance.

The only matter in relation to which any question has ever been raised relates to the matter relied upon by appellant as a set-off to appellee's claim. The counter-claim of the bank against Straus was based on a promissory note for $3500 executed by Straus on October 30, 1908. The final judgment in the Appellate Court was the result of finding the facts different from the trial court. The facts as found by the Appellate Court and incorporated in its final judgment are as follows: "We find that the Citizens' State Bank of Elmhurst, appellee, is indebted to B. F. Straus, appellant, for the balance due upon an oral loan of money, in the sum of $1095, and that said Straus is not indebted to said bank upon the note relied upon in the plea of set-off because said note was executed by Straus without consideration and was executed by Straus and received by the bank upon an agreement that Straus should never be called upon to pay the note, and it therefore is not enforcible against him at the hands of the bank."

The facts as found by the Appellate Court, in so far as they apply to the $3500 note relied upon in the plea of set-off, are, that said note was executed without any consideration and was received by appellant upon an agreement that appellee should never be called upon to pay the same. We are bound by the facts as recited in the final judgment of the Appellate Court. The only question that is open for consideration in this court is whether the law was properly applied to the facts as found by the Appellate Court. If the note relied on as a set-off was made, executed and delivered to the bank without any consideration and upon the agreement that appellee should never be required to pay said note, it is difficult to see how a recovery could be sus-

tained by the bank. If there was no consideration for the note the bank cannot be a holder in due course for value. There are some propositions that are so well settled and clear that any attempt at argument in support of them is a useless expenditure of time. That a promissory note made and executed without consideration and received by the payee upon an agreement that the maker should never be called upon to pay the same is invalid in the hands of such payee and cannot be enforced against the maker is a proposition of that character.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*