68        APPELLATE COURTS OF ILLINOIS.

Ruvenacht v. German-American Bank of Gridley, 212 Ill. App. 68.

---

### S. H. Ruvenacht, Appellee, v. German-American Bank of Gridley, Illinois, Appellant.

1. BANKS AND BANKING—*when loaning of accommodation note to bank is not void as against public policy.* The act of a person in loaning his accommodation note to a bank on the statement of an officer that they had made an excessive loan to a certain man and that it was expected that the bank examiner would complain and that in consideration of execution of the note an equal amount of the debtor's notes would be delivered to the accommodation maker as security, was not in and of itself unlawful or contrary to public policy.

2. BILLS AND NOTES, § 19*—*what is liability of person accommodated to maker of accommodation paper.* An accommodated party is liable to the accommodating party for money expended by the latter by reason of his accommodation paper.

3. BANKS AND BANKING—*when giving of accommodation note for purpose of deceiving bank examiner is question for jury.* Evidence *held* to present a jury question whether an accommodation note was given by a person to a bank for the purpose of deceiving the bank examiner as to the indebtedness of another, an amount of whose notes equal to the indebtedness was to be assigned to the accommodation maker as security.

4. BANKS AND BANKING—*when bank may not profit by own fraud in use of accommodation note.* Where an accommodation note is not loaned to a bank for the purpose of enabling the bank to deceive the bank examiner but is used for the purpose of deceiving the bank examiner as to the debt of another, an amount of whose notes equal to the amount of the accommodation note was assigned to the accommodation maker, the bank may not profit by its own fraud.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. BANKS AND BANKING—*when bank is estopped to assert that act of vice president in taking accommodation note was without authority.* A bank is estopped to assert that the act of its vice president in making an agreement with a person for the signing of an accommodation note and the pledging with the accommodation maker of notes of a debtor of an amount equal to such note, in order to deceive the bank examiner, was without authority where the act of such officer was not repudiated by the bank and it did not return or offer to return the note to the accommodation maker, but, on the contrary, used it as collateral for its own indebtedness and received credit thereon upon payment of the note by the maker.

6. BANKS AND BANKING—*when bringing of action against officers of bank personally does not work estoppel to sue bank.* The fact that one who gave his note to a bank for accommodation and for the purpose of deceiving the bank examiner, after payment of the note after it was pledged as collateral to indebtedness of the bank to another bank, misconceived his action and brought action against officers of the bank personally, instead of against the bank, did not work an estoppel from maintaining an action against the bank, where he received nothing in the former action.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 15, 1918.

STERLING, LIVINGSTON & WHITMORE, for appellant; SIGMUND LIVINGSTON, of counsel.

STONE & DICK, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

It is claimed by appellant, the German-American Bank of Gridley, Illinois, that E. L. Coyle, its vice president and managing officer, on January 1, 1914, directed his brother, Harry B. Coyle, to inform appellee that the bank had loaned to a man by the name of Patton $7,000, which was an excessive loan, that it was expecting the bank examiner, and to request appellee to execute his note for the principal sum of $3,500 as an accommodation to the bank and there-

70     Appellate Courts of Illinois.

Ruvenacht v. German-American Bank of Gridley, 212 Ill. App. 68.

upon the latter would deliver to appellee notes of said Patton aggregating $3,500 to hold as security. Ruvenacht executed his promissory note for $3,500 payable to his own order, indorsed it in blank and delivered it to said Coyle, who took it to the appellant bank and in return delivered to Ruvenacht certain Patton notes to the amount of $3,500.

It further appears that at this time appellant was indebted to the First National Bank of Bloomington, Illinois, in the sum of $20,000 upon a note given ostensibly by one Davis and said Coyle but really for the benefit of appellant, and that appellant used notes deposited with it from time to time as collateral to secure the payment of the notes held by the First National Bank, and that in due course of time Ruvenacht's note of $3,500 was sent to the First National Bank as such collateral. At the maturity of Ruvenacht's note, he was called upon by the First National Bank to pay or renew the same. The latter renewed the note and, when it matured the second time, paid it at a cost to him of about $3,850. Ruvenacht thereupon demanded of appellant that it repay him this amount and offered to return the Patton notes. Appellant refused to repay the money and Ruvenacht brought this suit to recover the same and secured judgment therefor.

It is insisted by appellant that appellee is not entitled to recover for three reasons: (1) That the agreement between Coyle or appellant and Ruvenacht was a scheme to cover up an asset of appellant which would not pass inspection, and so to deceive the bank examiner with a secret understanding that his note was an accommodation to appellant merely to take the place of the objectionable Patton paper, and was contrary to public policy and therefore void; (2) that the act of E. L. Coyle, the vice president and general manager of appellant, in entering into such agreement with Ruvenacht was *ultra vires* and appellant is not bound thereby; (3) at a previous term in the same

court, appellee brought suit against said Coyle and Davis to recover on this same obligation.

The contention of appellant, that this suit was brought to enforce an illegal contract, is not established by a clear preponderance of the evidence. The act of Ruvenacht in loaning his accommodation note to appellant in and of itself was not unlawful or contrary to public policy. *Chicago Title & Trust Co. v. Brady,* 165 Mo. 197; *In re Tasker's Estate,* 182 Pa. St. 122; *Fisher v. Simons,* 64 Fed. 311. Appellant received the full benefit of the accommodation paper. Whatever the original purpose of the note may have been, appellant subsequently used it as collateral for its own indebtedness with the First National Bank of Bloomington, and, when Ruvenacht paid the note, appellant received credit for the amount on its note of $20,000 held by the First National Bank. The accommodated party is always liable to the accommodating party for money expended by the latter by reason of his accommodation paper.

Appellant was not insolvent and no rights of creditors had intervened. Whether this note was executed by appellee with his consent that it should be used by appellant for the purpose of deceiving the bank examiner was a question of fact to be determined from all the evidence and was squarely submitted to the jury by appellant's fourth given instruction. The jury, by its verdict, found adversely to such contention. Under such circumstances, even though the note was in fact used by appellant for deceiving the bank examiner, there is no rule of law which will permit appellant to thus profit by its own fraud. *First Nat. Bank of Storm Lake v. Felt,* 100 Iowa 680; *Woodbury v. Glick,* 151 Iowa 648; *In re Tasker's Estate, supra; Fisher v. Simons, supra; Chicago Title & Trust Co. v. Brady, supra.*

The defense of *ultra vires* cannot be sustained. Appellant never repudiated the act of its vice president

in obtaining the note from appellee, neither did it return nor offer to return appellee's note to him, but on the contrary negotiated the note with the First National Bank of Bloomington and received credit for the full amount thereof, and is estopped from now asserting that Coyle acted without its authority. *Carr v. National Bank & Loan Co.,* 167 N. Y. 375, 43 N. Y. App. Div. 10, 189 U. S. 426; *Hawkins v. Fourth Nat. Bank,* 150 Ind. 117; *Boyertown Nat. Bank v. Fridenberg,* 206 Pa. 243; *Cox v. Robinson,* 82 Fed. 277; *Roe v. Bank of Versailles,* 167 Mo. 406; *Willoughby v. Fidelity & Deposit Co. of Maryland,* 16 Okla. 546, 205 U. S. 537; *Citizens' Bank & Trust Co. v. Thornton,* 174 Fed. 752. Neither does the fact that appellee, in a former suit, misconceived his action and brought suit against Davis and Coyle, personally, instead of against appellant, estop him from maintaining this action against appellant. He recovered nothing in the former suit and it is not a bar to this action. There is no error in the record and the judgment of the Circuit Court is affirmed.

*Affirmed.*