# CENTRAL NATIONAL BANK, Appellant, v. JOHN E. WALTERSCHEID, Respondent.

### Kansas City Court of Appeals, June 14, 1920.

1. **Accommodation Note: Original Parties.** The cashier and manager of a bank asked a friend to sign a note for the accommodation of the bank that it might be shown as assets to the Bank Examiner on his next visit, and at the same time assuring him that he would never be asked to pay it. And in order to show the transaction was not intended to involve an obligation for payment the cashier executed his own note to him for the same amount with the understanding it was not to be paid. It was held in an action by *the bank*, that these facts showed it could not recover on the note as it was accommodation paper without consideration.

2. **Parol Evidence:˙ Note: Consideration.** Notwithstanding parol evidence is not to be received to vary the terms of a promissory note, yet in an action between the original parties, parol evidence is admissable to show the note was without consideration and given for accommodation.

3. **Evidence: Endorsement ''Paid'': Consideration.** A note while in the hands of the payee is endorsed "Paid July 1, 16," with pen drawn through the endorsement by the attorney for the payee after receipt for suit. It was *held* that without explanation, the endorsement was strong evidence against the payee on the issue of no consideration.

Appeal from Cooper Circuit Court.—*Hon. John G. Slate*, Judge.

AFFIRMED.

*W. G. Pendleton* and *R. D. Williams* for appellant.

*Jerry M. Jeffries, W. V. Draffen* and *Jeffries & Corum* for respondent.

ELLISON, P. J.—This is an action on a promissory note for $3790.60, due in sixty days from date, given by the defendant to the plaintiff bank. The judgment in the trial court was for the defendant.

The defense was that the note was given without consideration and for the accommodation of the bank. The evidence tended to show that A. H. Stephens was assistant cashier of the bank and controlled the management of its business, and that on the 9th of September, 1915, he requested defendant to sign the note for the bank for its accommodation that it might be shown to the "Bank Examiner" as a part of its assets. Defendant did business at the bank and was a close friend to Stephens, but he hesitated about signing the note, yet after Stephens assured him no harm could come of it, that he would not be expected to pay it, and offering to give his (Stephens') own note to him for same amount, not to be paid, but merely to cover or show the transaction, he signed the note. Neither principal nor interest was ever demanded of him and the note was endorsed as cancelled in these words; "June 30—Paid July 1, 16." It was not shown who made the endorsement, but it was made while in plaintiff's possession. A line was drawn through this endorsement after the note was placed in the hands of plaintiff's attorney. No effort was ever made by defendant to collect the Stephens note and it had been lost.

There was evidence in plaintiff's behalf that Stephens and his son, as partners, were operating a garage in Boonville with an overdrawn account at plaintiff bank, and that the note was given by defendant for the accommodation of Stephens & Son and was used by them in the bank as a credit on the account of Stephens & Son.

The issue in the trial court was whether the note was given for accommodation of plaintiff bank, or the firm of Stephens & Son and the court gave instructions for each party on the respective theories. Instruction A for plaintiff was amended by the court by inserting an addition as to defendant accepting the note signed by Stephens & Son, just preceding the words "in consideration for the note which defendant had signed to the bank," and striking out a phrase at the close of

Central Nat. Bank v. Walterscheid.

the instruction. This action of the court did no possible harm to plaintiff and made the instruction clearer. A clause as to consideration was stricken out of instruction B which in view of the direction following, was useless.

But the court also instructed the jury that although the note may have been given for the accommodation of the bank, yet if Stephens & Son gave their note to defendant *in consideration* for the note which defendant signed for the bank, the verdict must be for the plaintiff.

On the other hand, the court instructed the jury to the effect that although when defendant executed the note to the plaintiff bank for its accommodation he received from Stephens & Son their note for the same amount, with the understanding that it was not to be paid and was given and received merely to show the entire transaction there was no consideration and the verdict should be for defendant.

These instructions, as shown by the authorities hereinafter cited, properly declared the law and we must abide by the verdict of the jury.

As has been already stated, the note is endorsed as "Paid July 1, 16." This was done while in plaintiff's possession. A line was afterwards drawn through the endorsement by plaintiff's attorney after the note was handed to him for suit. But no explanation is given why it was done; and, in the absence of explanation, the endorsement, while not showing payment in a case where it is conceded no payment in the ordinary meaning of that term had really been made, yet it is very strong evidence that the note was not regarded as an obligation against defendant and that it was in plaintiff's hands merely as accommodation paper. The endorsement was clearly admissible in evidence in defendant's behalf.

So we think the point made by plaintiff that evidence of a verbal understanding that a note was not to be paid could not be received to contradict its written

terms, is not well made. This action is between the original parties and the evidence was well received on the issue of no consideration and accommodation. [First National Bank v. Freeman, 98 S. i. Rep. (West Va.) 558, and authorities cited below.]

That the case was properly tried and that the result is justified by the law, is abundantly sustained by authority. [Chicago Title & Trust Co. v. Brady, 165 Mo. 197; Wesmore v. Meyer, 56 N. J. L. 32; Citizens Trust Co. v. McDougald, 132 Tenn. 323; Woodbury v. Glick, 151 Iowa, 648; Central Bank v. Ford, 152 S. W. Rep. (Texas Civil App.) 700; Bank v. Keith, 85 Mo. App. 409.]

The judgment is affirmed. All concur.