Marie S. Schmidt, Plaintiff in Error, v. Marguerite Schmidt, also known as Marguerite Schmidt Bartzen, Defendant in Error.

Gen. No. 33,203.

Opinion filed
June 26, 1929.

James Percival Pio, for plaintiff in error.

A. L. Schaf, for defendant in error.

Mr. Justice Holdom delivered the opinion of the court.

This action was brought by the plaintiff Marie S. Schmidt against the defendant Marguerite Schmidt, now Bartzen, in an effort to recover the amount due upon a promissory note dated May 26, 1922, payable two years after its date with interest at the rate of six per cent per annum from its date until paid and payable to the order of plaintiff, and signed by defendant

and her then husband John N. Schmidt, the son of plaintiff. The case has been twice tried before court and jury, and each trial resulted in a verdict against plaintiff. A new trial was granted on the first trial, but in the second trial, the record of which is before us on plaintiff's appeal, there was a judgment on the verdict of *nil capiat* and for costs.

The cause before us was tried under an amended statement of claims, which declared upon the note above recited, and added thereto that "plaintiff further alleges that although she has often requested defendant to pay said promissory note and interest thereon . . . defendant has wholly failed and refused to do so . . ." To this pleading of plaintiff defendant interposed an affidavit of merits which was stricken except paragraphs 1, 7, 8 and 9. In paragraph 1, defendant denied the promise alleged or the indebtedness claimed; by paragraph 7 that the alleged promissory note was without consideration. Paragraph 8 denies that demand was ever made upon her by plaintiff or anyone in her behalf for payment of the alleged promissory note or interest thereon, as set forth in plaintiff's statement of claim, and by paragraph 9 disclaims any indebtedness to plaintiff.

The main contention of defendant is that there was no consideration moving to her at any time for the signing of the note in suit. After the note had been offered and received in evidence plaintiff rested her case. Defendant testified in her own behalf that at the time of the execution of the note, her husband John N. Schmidt called her into a room in which plaintiff and her daughter Helen were sitting, and that plaintiff said to defendant, "I am going to make an advancement of $2,000 to John. I have done the same with the other members of my family, and I want a record of it that the advancement has been made, and I want you to sign this paper as evidence, so that in the event of my death that amount would be deducted

from John's share of my estate.'' She testified that she did not read the note, and that she did not know whether her husband ever received any money on the note, but that she did not receive any money for signing the note. On the case as it then stood plaintiff moved to instruct a verdict in her favor which the court denied. Thereupon plaintiff testified, in rebuttal, that her son and defendant asked her to loan them $2,000 to assist them in buying a house in Oak Park, and that she gave them a cashier's check for $2,000, dated August 27, 1920, which check was received in evidence; that she asked her son for a note about a half dozen times after she gave him the check, and that finally on May 26, 1922, she received the note signed by defendant and her son John. An assistant cashier of the Garfield State Bank testified that the $2,000 check was deposited to the joint account of defendant and John N. Schmidt in the Garfield State Bank, and that it had been checked out with other funds but by whom checked out there was no proof. In contradiction of this statement defendant and her father testified that on August 27, 1920, defendant was in the Mary Thompson Hospital being attended by plaintiff, who was a surgeon and a doctor. The cashier's check was indorsed by plaintiff Marie S. Schmidt and John N. Schmidt. Defendant also testified that no demand has ever been made upon her for the payment of the note, either of principal or interest, at any time. While the abstract is barren of evidence of the fact that John N. Schmidt is dead, it is seemingly assumed that he is, and that defendant has since been married to one Bartzen. At the close of all the proofs plaintiff moved for an instructed verdict in her favor, which was denied.

The principle contention is that so far as defendant is concerned, there was no consideration paid to her for her execution of the note. About the only error complained about and argued is error in the admission

of evidence that defendant testified, over objection, that no demand was made upon her for payment of the note. A sufficient answer to this is that plaintiff made that an issue by averring a demand in her statement of claim, which was denied in defendant's amended affidavit of merits.

Two different accounts of the transaction were in evidence before the jury. Therefore it would have been error for the court to have instructed a verdict for either party. These were questions of fact for determination by the jury. As said in *Alton Mfg. Co. v. Garrett Biblical Institute*, 243 Ill. 298:

"On a motion to direct a verdict the court is not permitted to weigh the evidence. If there is any evidence which, with all reasonable inferences to be drawn therefrom, fairly tends to prove the plaintiff's case, it should be submitted to the jury." *Chicago City R. Co. v. Nelson*, 215 Ill. 436.

Plaintiff contends that on August 27, 1920, John N. Schmidt came to her house with defendant and they both said they were contemplating buying a two-story building in Oak Park, and asked her to loan them $2,000; that thereupon plaintiff gave her son the cashier's check for $2,000, payable to her own order, of date August 27, 1920, and that the check was indorsed by plaintiff and John N. Schmidt, her son. An assistant cashier of the Garfield State Bank testified that that check was deposited in the joint account of John N. Schmidt and Marguerite Schmidt. The name of the defendant does not appear upon the check and there is no evidence that she ever drew any checks against the account subsequent to the deposit of the cashier's check, and it is a significant fact that while plaintiff claims that the note in suit was given for that amount, the note was given nearly two years after the date of the cashier's check and the talk between plaintiff and her son and defendant regarding borrowing $2,000. There is not one scintilla of evi-

dence that there was any consideration passed from plaintiff to defendant for the execution and delivery by her with her husband of the note in suit, and it is in evidence that plaintiff stated to defendant at the time of the execution of the note that it was an acknowledgment of an advancement to be made to her son, to be deducted from her son's share in plaintiff's estate at her demise; that at that time nothing was said about the $2,000 cashier's check of August 27, 1920, in evidence. Even if that was a statement of fact, there was no consideration passing from plaintiff to defendant for the husband is dead and plaintiff is alive, and none of her estate can pass to her son in case of plaintiff's dying intestate. And in case of intestacy and plaintiff's death before that of defendant, none of plaintiff's estate could pass by the laws of descent to defendant, and while it is the law that a note may be given for the consideration of the precedent debt, yet there is evidence from which the jury might rightfully find that there was no preceding indebtedness of defendant to plaintiff existing at the date the note in suit was given. These facts were proper to be shown in evidence on the trial. While at common law parol evidence was not permissible to contradict or vary the terms of a written contract, section 16 of the Negotiable Instrument Act, Cahill's St. ch. 98, ¶ 36, so changed that rule that conditions attending the delivery of a note may be shown by parol, as held in *Straus v. Citizens State Bank of Elmhurst,* 164 Ill. App. 420, where this court said.

"We are of opinion that the sections of the Negotiable Instruments Law above quoted must be held to change the rule in this State. To require the conditions attaching to the delivery of the note to be shown by documentary evidence would in our judgment entirely defeat the purpose of the sections above quoted. We are of opinion that where the circumstances described in said sections exist, it is the intention of

said statute that the actual facts may be shown by oral testimony. It follows that in our opinion the agreement by the cashier of the Elmhurst Bank that Straus should not be held liable upon this note and should not be required to pay it is binding upon the Elmhurst Bank and it cannot recover thereon in violation of the terms of said agreement."

The decision of this court in the *Straus* case was affirmed by the Supreme Court in 254 Ill. 185.

On a review of the proofs in the record we are of the opinion that the verdict of the jury finds ample support in the proofs before us. No objection is taken to any of the instructions given by the court to the jury and as we find no error in procedure the judgment of the municipal court is affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.