FARMERS BANK OF BILLINGS, A CORPORATION, APPELLANT, v. FRANK SCHMIDT, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed February 17, 1930.

*Corpus Juris-Cyc References: Actions, 1CJ, section 52, p. 958, n. 39; Appeal and Error, 4CJ, section 2853, p. 876, n. 78; Bills and Notes, 8CJ, section 409, p. 259, n. 43; section 1299, p. 995, n. 70; section 1378, p. 1064, n. 81; Evidence, 22CJ, section 837, p. 748, n. 63.

*Gordon J. Massey* and *F. W. Barrett* for appellant.

*Farrington & Curtis* for respondent.

COX, P. J.—Action upon a promissory note for $965. Trial by the court who found for defendant. Plaintiff appealed.

This is the second appeal in this case. The first is reported in 297 S. W. 156. The petition is in the usual form. The answer admits the execution of the note and pleads want of consideration and that the note was executed for the accommodation of plaintiff. The reply was a general denial coupled with an allegation of specific consideration for the note. Both the answer and reply alleged details to show the facts upon which they relied to support their contentions.

The burden was upon defendant to show want of consideration for the note and the case was tried on that theory. The material facts shown by the evidence are as follows: The Billings Hardware Company, a corporation in which defendant was a stockholder and director, was indebted to plaintiff bank upon notes in the sum of $10,000 and on overdrafts of $4000, making a total indebtness of $14,000. According to defendant's testimony, the cashier of the bank called upon the directors of the hardware company to make some provision by which a showing could be made on the books of the bank by which this indebtedness of the hardware company would be lowered. The directors of the hardware company, five in number, which included defendant, met with the cashier of the bank and he then stated to them the amount of the indebtedness of the hardware company to the bank and stated that the amount was more than the bank was authorized to loan to one person or corporation. That he was expecting a state bank examiner to appear at any time to examine the bank and he was anxious to have the apparent indebtedness of the hardware company reduced before the examiner should arrive. That he thought the hardware company solvent and in order to help him out with the bank examiner, he suggested that each of the five directors of the hardware company execute a note to the bank for $2000 and that would reduce the apparent debt of the hardware company to $4000, the amount of the overdrafts to the bank, and the bank could carry that amount under the law. That he would look to the hardware company for payment of these notes and would not expect payment from any of the parties who signed them. At his request and for the purpose of accommodating the bank by enabling it to pass examination without criticism, the five directors of the hardware company each executed a note to the bank for $2000 at that time. Entries were made on the books of the bank accordingly but the $10,000 in notes of the hardware company to the bank were not at that time marked paid nor

were they surrendered to the hardware company. The hardware company executed to each of these directors its note for $2000, which defendant contended, and his evidence tended to show, was done merely to show the transaction and without any expectation that these notes were ever to be paid. The hardware company was to pay their notes to the bank and that would discharge the hardware company's notes to them. That defendant's note was renewed and at each renewal the same promise by the cashier to look only to the hardware company for payment was made. That the hardware company paid interest on these notes and defendant never paid anything and was not asked to pay anything. Later the hardware company made an assessment against the stockholders to raise money to pay its debts. These assessments were paid and with the proceeds all of these notes executed by these directors of the hardware company to the bank except defendant's notes were paid in full and $1045 was paid on defendant's note. This left $955 for which this suit is brought. At the time these payments were made the notes of the hardware company to the bank were marked paid and turned over to the hardware company. On these facts, the court sitting as a jury found for defendant.

The plaintiff asked for and was refused a peremptory instruction to find for it. The court then gave a declaration of law for plaintiff as follows: ''That if the court should find that the notes of these directors were given to the bank in order to reduce the indebtedness of the hardware company to the bank and the hardware company accordingly obtained credit on its note to the bank, then the note of defendant was based upon a valid consideration and the court should find for the plaintiff.''

''That if these notes of the directors of the hardware company were given for the accommodation of the hardware company and it received credit on its debt to the bank for the amount of these notes, then that furnished a consideration for these notes.''

''That if the notes of these directors of the hardware company were given to the bank in consideration for the notes of the hardware company to them, then that was a valid consideration.''

The converse of these declarations to the effect that if this note and the notes of the other directors of the hardware company were given solely for the accommodation of the bank and with no other consideration passing to them, then they were without consideration and the finding should be for defendant, were given on behalf of defendant.

If the peremptory instruction to find for plaintiff was properly refused, the other declarations of law that were given were correct.

The appellant relies upon three assignments of error or points for a reversal: First, that the judgment was for the wrong party

because there is no evidence to sustain the contention of defendant that the note sued on was without consideration and given for the accommodation of the plaintiff.

Second: That under the law as declared by the court and under the facts the finding should have been for plaintiff because there was no evidence from which the court could have found the issues for defendant.

Third: "The court erred in permitting witnesses for defendant to testify that their notes were paid by the hardware company as proof of the fact that the bank would look to the hardware company for the payment of the note in question when that fact could not be established by proof of other similiar facts."

The first two assignments amount to a contention that a peremptory declaration to find for plaintiff should have been given. The third assignment relates to the admission of testimony to the effect that the notes of the directors of the hardware company other than defendant's note were paid by the hardware company. We shall notice the last assignment first.

Appellant asserts that "it is not proper to prove a point at issue in the trial of a case by showing that similiar acts were transacted between one of the parties to the suit and other persons although such acts may have arisen out of the same transaction." To support this proposition a number of cases were cited. The first one cited is Pyrtle v. International Shoe Company, 291 S. W. 172, by the St. Louis Court of Appeals. In that case plaintiff alleged that he had a contract of employment with defendant by which he was entitled to a bonus. As corroborating his testimony as to the terms of his contract with defendant, two other employees of defendant were permitted to testify that they were employed by defendant at the same time plaintiff worked for it and that they received a bonus. This was held error on the ground that the employment of each of these parties was a separate and distinct contract and neither had any relation to the other. In discussing the question the court said at page 173 "where a suit is brought upon a special agreement and where, as laid here, the employment is individual and in no way connected with the employment of other employees, it is entirely outside the case as to what agreement defendant may have had with any other employee. Such contract by another employee could in no way affect the question of the agreement between plaintiff and defendant." A number of other cases are cited which affirm the same rule. The rule is based on the fact that the acts are independent of each other and for that reason proof of one does not prove the existence of the other. Manifestly the converse of this must also be true and where, as in this case, they were all acting together and in concert so that it can fairly be presumed that the giving of the note

in suit by defendant was dependent on the other directors of the hardware company also giving their notes for the same purpose the whole transaction becomes one and it is competent to show the entire transaction and who made the payments as tending to show the understanding of the parties at the time the notes were given.

As to the demurrer to defendant's evidence. The purport of this evidence was to the effect that these notes were given by these directors of the hardware company purely for the accommodation of plaintiff and with a specific understanding that they would not be called upon by the bank to pay them. The bank's reason for asking for this accommodation and the use it expected to make of these notes was to place them in the note case of the bank as part of its assets and withdraw notes of the hardware company in the same amount in order to avoid criticism by the bank examiner when he should appear. We are cited to cases in Kansas, and there are cases in other states, which hold that a party giving a note to a bank in order to assist it in deceiving the bank examiner cannot defend against it on the ground of no consideration even though it was agreed at the time that the bank would not expect payment of the note. It has, however, been held differently in this State by our Supreme Court in Chicago Title & Trust Co. v. Brady, 165 Mo. 197, 65 S. W. 303. That case has since been followed in other cases by the Courts of Appeals. It has been criticised on this point by the writer of the opinion in Bank of Slater v. Union Station Bank, 283 Mo. 308, 318-20, 222 S. W. 993, but it has not been overruled and still binds us. We cannot see that the motive of the bank in asking the accommodation should be given any consideration. It is not the purpose for which the accommodation is given that binds or releases the party furnishing the accommodation but it is the fact of the accommodation. If, in this case, the bank cashier had merely asked the same men to sign these same notes and stated at the time that he wanted the notes to use solely for the accommodation of the bank and that the bank would never ask that they be paid and they had executed them with no statement being made as to how the bank expected to use them, there could be no question as to their being accommodation notes and not collectible by the bank. To our mind the fact that the cashier stated to the makers of these notes the purpose for which they were to be used and that purpose was an unlawful purpose could make no difference as between them and the bank. The relation between these parties and the bank was not changed by the unlawful purpose of the cashier of the bank. Had the purpose been a lawful one, their relation as between themselves would have remained the same.

From the viewpoint that these parties were assisting the cashier in perpetrating a wrong by deceiving the bank examiner, we must

reach the same conclusion for the authorities hold generally that as between parties that the *particeps criminis* the court will leave them where it finds them and neither can use his own wrong as a means to impose on the other and this is especially true where the party sought to be bound received no benefit from the unlawful transaction.

The other contention is that the makers of these notes by taking the notes of the hardware company to themselves for the same amount received a consideration for their notes to the bank. If it were true that these notes from the hardware company to themselves in fact furnished the consideration for their executing their notes to the bank that position would be sound but the evidence of defend-. ant was to the effect that these notes had nothing to do with the execution of their notes to the bank but were executed merely to show the transaction and without any expectation of them being paid. If that were true, then they did not furnish a consideration for the notes to the bank. [Central National Bank v. Walterschied, 204 Mo. App. 179, 222 S. W. 912.]

The issues of fact in this case were whether the note in question was given for the accommodation of the bank or for the accommodation of the Billings Hardware Company. There was evidence *pro* and *con* on these questions. The declarations of law by the court properly declared the law which shows that the court tried the case on the correct theory. His finding on the facts therefore binds us.

The judgment will be affirmed.

*Bailey* and *Smith, JJ.,* concur.

## ON MOTION FOR REHEARING.

On motion for rehearing appellant insists that respondent admitted on the witness stand that he had collected and kept part of a dividend received by him from the trustee in bankruptcy upon his note from the Hardware Company and insists that he could not accept payment upon the note of the Hardware Company to him and at the same time contend that said note was not to be paid. As we view the testimony of respondent it is not of such a character as to necessarily amount to an admission that he collected and intentionally retained dividends paid by the trustee of the bankrupt estate of the Hardware Company on the note given to him by the Hardware Company in connection with the bank transaction. He testified in substance that the presentation of this note of the Hardware Company to him for allowance in the bankruptcy court against the Hardware Company was done at the request of the bank and not upon his own account. He also held a note of his own against the Hardware Company for $635 which was allowed to him against the estate and when

dividends were paid he was sent one check to cover the dividends on both notes and he attempted to pay to the bank the dividends received on the note of the Hardware Company to him given in connection with his note to the bank and retain the dividend on the other note to him. This shows that he did not intend to retain any part of the dividends received on the note connected with the bank transaction as his own. The question of his intention in that regard was clearly a question for the jury.

The motion for rehearing will be overruled.